THE HONORABLE JAMAL N. WHITEHEAD

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

CAROLINE WILMUTH, KATHERINE SCHOMER, and ERIN COMBS, on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

AMAZON.COM, Inc.,

    Defendant.

Case No. 2:23-cv-01774-JNW

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26, and this Court's January 16, 2024 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, ECF No. 24, and following the Parties' February 1, 2024 conference, the Parties submit the following combined joint status report and discovery plan.

**1.     Nature and complexity of case:**

*Plaintiffs' Statement*:  Plaintiffs allege that Amazon has discriminated and continues to discriminate against them and similarly situated women.  The First Amended Complaint ("FAC"), ECF No. 33, broadly alleges two categories of discrimination by Amazon.  <u>First</u>, Plaintiffs allege, on a class- and collective-wide basis, that Amazon discriminates against women assigned to Levels 4-8 by paying them less than comparable men throughout the State of Washington and the United States.  These claims are brought on (a) a statewide basis as a proposed opt-out class action under the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.010 *et seq.* and (b) a nationwide basis as a proposed opt-in collective action under the federal Equal Pay Act ("EPA"), 29 U.S.C. § 206 *et seq.*  <u>Second</u>, Plaintiffs allege, on an individual basis, that Amazon has discriminated and continues to discriminate against them and retaliate against them for raising complaints about that discrimination.  These individual claims are brought under (a) the Washington Law Against Discrimination ("WLAD"), RCW 49.60.030(1) & 49.60.210(1), (b) Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, (c) the Washington Family and Medical Leave Act, RCW 50A.35.010, (d) the federal Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and (e) common law (wrongful discharge in violation of public policy, 29 C.F.R. § 825.214).

Plaintiffs' class[1] claims are no more complex nor are they unusual compared to other nationwide actions that federal courts routinely adjudicate.  The Federal Rules of Civil Procedure

---

[1]     For simplicity's sake, Plaintiffs will often use "class" as an adjective to describe concepts that apply to various representative procedural devices, including the class action device and the collective action device.

and this Circuit's precedent provide the appropriate framework for adjudication of such claims, with classwide discovery necessarily providing the opportunity for Plaintiffs to gather evidence relevant to the determination of their collective action and class certification motions under 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23, respectively. However, Amazon – through a motion to dismiss and requests for multiple early discovery motions – seeks to unravel the standard jurisprudence regarding class claims, inappropriately burdening the Court with premature motions raising unripe issues. Amazon's approach would violate Rule 23 and related authority by stymying the discovery process, precluding Plaintiffs from developing the record that is necessary for the Court to decide the upcoming certification issues. Courts in this Circuit routinely hold that a pre-discovery "request to strike the class allegations" is "premature," because the preferred method for determination of the propriety of proceeding on a class basis is "through a motion for class certification." *Moreno v. Baca*, No. 00 Civ. 7149, 2000 U.S. Dist. LEXIS 21368, at *7 (C.D. Cal. Oct. 13, 2000); *see also Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments [defendant] advances herein."); *Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1062 (D. Or. 2014) (explaining that the "granting of motions to strike class allegations before discovery and in advance of a motion for class certification is rare") (internal quotation omitted); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) ("Generally, courts review class allegations through a motion for class certification."); *Wellens v. Daiichi Sankyo, Inc.*, No. 13 Civ. 00581, 2014 U.S. Dist. LEXIS 70628, at *16 (N.D. Cal. May 22, 2014) (holding that "[w]hether it is fair to compare the salaries of women and men who are in different tiers or geographic locations . . . is a question to be resolved at the second step of the certification process"). Commentators agree that in the overwhelming majority of class actions, class certification is resolved only after an appropriate period of discovery. 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure Civil* § 1785.3

1  (3d 2005).

2       In class actions, discovery is essential before the Court can meaningfully evaluate a plaintiff's claims, particularly because discovery "regularly changes the parties' initial understanding of a case's facts," making it "an unremarkable feature of class actions that class definitions are refined to reflect the developing realities of a given suit." *Brown v. Hain Celestial Grp., Inc.*, No. 11 Civ. 03082, 2014 U.S. Dist. LEXIS 162038, at *17 (N.D. Cal. Nov. 18, 2014). It is quite common for plaintiffs to refine or narrow their class definition during discovery, such that the class certification motion seeks formal certification of a class that is smaller than the one listed in the complaint. *See, e.g.*, *In re Conseco Life Ins. Co. Lifetrend Ins. Sales & Mktg. Litig.*, 270 F.R.D. 521, 530 (N.D. Cal. 2010) (noting that parties narrowed their class definition "based on factual developments that have occurred since the filing of the complaint").

3       *After* class discovery and a class certification order, Amazon will have the opportunity to file a motion to decertify the action, which is the proper vehicle for resolving such issues. *Cf. Cahill v. Nike, Inc.*, No. 18 Civ. 1477, 2019 U.S. Dist. LEXIS 85385, at *16 (D. Or. Feb. 26, 2019).

4       <u>Amazon's Statement</u>: On November 20, 2023, Plaintiffs, who were all members of the same team in the same office, sued Amazon on behalf of themselves and a nationwide class and collective. ECF No. 1. In response, Amazon filed a motion to strike the class and collective claims and to dismiss certain individual claims. ECF No. 26. Plaintiffs then filed a corrected First Amended Complaint ("FAC"). ECF No. 33. The FAC seeks to bring a collective action claim under the federal Equal Pay Act (the "EPA") on behalf of "all women who worked for Amazon in any position in job levels 4-8 ("Covered Positions") at any time from three years before the filing of the initial complaint through the resolution of this action." FAC ¶ 63, *id.* ¶¶ 210-217 (Count II). The FAC also seeks to bring a class-wide claim under the Washington Equal Pay and Opportunities Act (the "EPOA") on behalf of all members of the collective who worked in

Washington. *See id.* ¶ 73; *id.* ¶¶ 205-209 (Count I). In addition, Plaintiffs Wilmuth and Schomer bring individual retaliation claims, alleging that they were demoted or fired in violation of the EPA and the EPOA (Counts III and IV). *Id.* ¶¶ 218-224. All three named Plaintiffs also assert gender-based discrimination and retaliation claims under the Washington Law Against Discrimination ("WLAD") (Counts V and VI) as well as claims under the Washington Paid Family Leave Act ("WPFMLA") and federal Family and Medical Leave (FMLA) (Count VII). *Id.* ¶¶ 225-240. Plaintiffs Wilmuth and Combs additionally bring a wrongful discharge claim, asserting that they were terminated (or constructively terminated) in violation of "public policy" (Count VIII). *Id.* ¶¶ 241-245. Finally, all three Plaintiffs bring Title VII discrimination and retaliation claims (Counts IX and X). *Id.* ¶¶ 246-254.

Amazon vigorously denies all of Plaintiffs' allegations. Amazon also maintains that Plaintiffs' class and collective claims must be stricken under Rule 12(f) for three reasons. First, even accepting the (false) allegations in the FAC as true, the class claims cannot possibly satisfy Rule 23's adequacy, commonality, predominance, or manageability requirements. Second, Plaintiffs cannot satisfy the EPOA or EPA's single-establishment (i.e., location) requirement, and they do not meet the "unusual circumstances" that justify an exception to that rule. Third, Plaintiffs cannot assert EPA claims on behalf of a nationwide collective because women working for Amazon in different roles, in different business units, in different states, and for different supervisors are not "similarly situated" under the EPA. *See* ECF No. 34. In addition, Plaintiff Wilmuth has not pled sufficient facts to support her individual claims under the WPFMLA and FMLA, as the FAC contains no allegations connecting her protected medical leave to any adverse action she claims to have experienced. *See id.*

Amazon's motion to dismiss or strike the First Amended Complaint is currently pending, ECF No. 34, and Plaintiffs' response is due to be filed on March 18.

**2.    Consent to Magistrate Judge**: No.

     **3.**     **Proposed deadline to join additional Parties**:

*Plaintiffs' Position*: 45 days before the close of fact discovery.  Below, Amazon proposes an arbitrary, unworkable, and unjustifiable deadline to join parties.  Therefore, Plaintiffs provide a brief discussion of the two aspects of the issue.

First, given Amazon's size and complexity and its suggestion that a different corporate entity is the proper defendant, it would be inappropriate to set a deadline for the joinder of defendant entities before adequate discovery of Amazon's corporate structure can be conducted.

Second, it is standard in class and collective actions like this one for additional plaintiffs to be allowed to join to assert state-law and/or federal claims for a reasonable period of time after notice issues to the federal collective, which will likely be many months from now.  Specifically, the hybrid structure of the action (federal EPA opt-in claims under 29 U.S.C. § 216(b) plus state-law opt-out claims under Rule 23) caution in favor of allowing plaintiffs wishing to assert new state law claims to join within a reasonable period (e.g., 90 days) after issuance of notice under the federal EPA.  Furthermore, it may be appropriate to add new plaintiffs asserting similar claims later in the litigation, as discovery is undertaken, to ensure the smooth prosecution of the claims at issue.

For these reasons, a deadline to add parties that falls shortly before the close of discovery is most appropriate.

*Amazon's Position*:  There is no basis for Plaintiffs' professed need for "discovery of Amazon's corporate structure" prior to the deadline to join additional Parties.  While Plaintiffs name Amazon.com, Inc. as the defendant in this case, they were, in fact, employed by Amazon.com Services LLC.  Amazon.com Services LLC previously requested that Plaintiffs correct the case caption to reflect the proper Amazon entity, *see* ECF No. 26 at 10 n.3, but Plaintiffs failed to do so.  Amazon.com Services LLC therefore repeated its request in its most-recently-filed motion to dismiss or strike that Plaintiffs correct the FAC's case caption to identify the appropriate

Amazon entity. *See* ECF No. 34 at 9 n.3. Again, Plaintiffs should make the correction. Plaintiffs should know their own employer—Amazon.com Services LLC—and there is no need for corporate discovery to confirm what Plaintiffs already know and what Amazon has now told them twice. *See* ECF No. 26 at 10.3; ECF No. 34 at 9 n.3.

As for Plaintiffs' suggestion that they should be entitled to amend the FAC to identify additional named Plaintiffs up until "shortly before the close of discovery," Plaintiffs have requested that fact discovery last through the summer of 2025 and that expert discovery last through February 2026. There is no reason why Plaintiffs should be permitted to amend the FAC at any point ***over the next two years*** to add additional named Parties. Any additional named Plaintiffs (or Defendants) should be identified by no later than March 27, 2024. Plaintiffs' deadline will unnecessarily delay and complicate the resolution of this case, which they are already unnecessarily delaying and complicating by purporting to seek certification of a class and collective despite the fact that their claims are facially individualized.

    **4.**    **Proposed Deadline for Motion for Class Certification**:

*Plaintiffs' Position*: 30 days after the close of expert discovery.

*Amazon's Position*: A deadline for a motion for class certification is premature pending the Court's resolution of Amazon's pending motion to dismiss or strike. Amazon requests that the Parties be ordered to submit a proposal for any further motions practice within fourteen (14) days of the Court's ruling on that motion.

    **5.**    **Discovery Plan**:

        **a.**    **Initial disclosures**: The Parties exchanged initial disclosures on February 20, 2024. Consistent with its position that Plaintiffs' class and collective allegations should be stricken, Amazon's disclosures addressed only Plaintiffs' individual claims.

        **b.**    **Subjects, timing, and potential phasing**:

*Plaintiffs' Position*: Plaintiffs anticipate that pre-certification fact discovery will last

approximately 18 months (i.e., until summer 2025), followed by approximately six months of expert discovery (i.e., until February 2026), though those estimates depend heavily on the timing and progress of discovery.

Plaintiffs anticipate that class discovery will cover topics including Amazon's employment and compensation policies and practices, such as its job architecture (e.g., job families, job codes, job levels, job titles, job descriptions), organizational structure, the hiring process, job assignment, performance measurement, compensation decisionmaking, promotion decisionmaking, and the data related to those corporate functions. Plaintiffs anticipate that individual discovery will cover the application of Amazon's employment and compensation policies and practices to Plaintiffs and their comparators, including their complaints of discrimination and retaliation. Given how extensively intertwined class and individual discovery is, Plaintiffs believe that it would be inappropriate to bifurcate or phase discovery at this stage. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (describing the "overlap" between the class certification analysis and "the merits of the plaintiff's underlying claim"); *see also Hunichen v. Atonomi LLC*, No. 19 Civ. 615, 2020 U.S. Dist. LEXIS 178213, at *4-5 (W.D. Wash. Sept. 28, 2020) (denying motion to bifurcate class and merits discovery).[2]

Discovery should proceed now, during the pendency of Amazon's motion to dismiss or strike, consistent with standard practice. As courts routinely recognize, a stay of discovery pending a motion to dismiss is rare. *HDT Bio Corp. v. Emcure Pharm., Ltd.*, No. 22 Civ. 334, 2022 U.S. Dist. LEXIS 104176, at *5-6 (W.D. Wash. June 10, 2022) ("A pending motion to dismiss is generally not grounds for staying discovery." (citing *Edmonds v. Amazon.com, Inc.*, No. 19 Civ.

---

[2] Below, Amazon casts aspersions regarding "Plaintiffs' goal" being to "unnecessarily complicate this litigation for no reason." To the contrary, "the class action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion." *General Telephone Co. v. Falcon*, 457 U.S. 147, 155 (1982).

1613, 2020 U.S. Dist. LEXIS 39577, at *1 (W.D. Wash. Mar. 6, 2020))). By contrast, where the court is "convinced that dismissal of all of [the plaintiff's] claims is inevitable," a stay would be appropriate. *Hold Sec. LLC v. Microsoft Corp.*, No. 23 Civ. 899, 2023 U.S. Dist. LEXIS 205782, at *5 (W.D. Wash. Nov. 16, 2023). While courts may stay proceedings if a motion to dismiss presents "pure questions of law," such as a question of jurisdiction, *HUB Int'l Nw., LLC v. Larson*, No. 22 Civ. 1418, 2023 U.S. Dist. LEXIS 43849, at *7 (W.D. Wash. Mar. 15, 2023), here Amazon's arguments regarding the propriety of class and collective certification will turn entirely on the factual record that has not yet been developed. That is why, as discussed in Section 1 above, courts strongly disfavor and routinely deny motions to strike class allegations at the outset of the litigation.

No discovery stay is appropriate here, especially without a noticed motion. Should Amazon move to stay discovery, Plaintiffs will respond fully. As an initial matter, Plaintiffs note that Amazon's cases do not support its request: *Barbare v. Sigue Corp.*, No. 20 Civ. 894, 2020 U.S. Dist. LEXIS 180262, at *4 (W.D. Wash. Sept. 30, 2020) (staying class discovery where, on a critical legal question, the U.S. Supreme Court was "likely to provide a conclusive answer in a few months" and there was no potential ongoing harm); *S.S. v. Microsoft Corp. Welfare Plan*, No. 14 Civ. 351, 2014 U.S. Dist. LEXIS 194895, at *2 (W.D. Wash. Dec. 12, 2014) (staying class discovery where there was no prejudice to the plaintiff because discovery could not begin as the parties had not even had a 26(f) conference); *Kincheloe v. Am. Airlines, Inc.*, No. 21 Civ. 515, 2021 U.S. Dist. LEXIS 236143, at *7-8 (N.D. Cal. Dec. 9, 2021) (staying collective discovery specifically because the defendant "face[d] a significant volume of discovery review" absent a stay, including reviewing 50,000 documents responsive to ESI searches which would take an estimated 1,000 attorney hours). Here, Amazon has provided no adequate factual showing of an undue burden. Further, contrary to Amazon's contention, Plaintiffs will face harm if a stay is granted. Plaintiffs allege that Amazon has a widespread policy and practice of paying women less

than men performing comparable work, and this harm is continuing each day that the lawsuit continues without a judgment. Because the harm is ongoing and continuous, any stay would cause significant financial and professional harm to Plaintiffs and the proposed class and collective members. Additionally, under the federal EPA, each individual potential opt-in's statute of limitations continues to run until she affirmatively opts in, barring tolling, meaning that delay will extinguish covered individuals' claims.

*Amazon's Position*: For the reasons outlined in Amazon's pending motion to dismiss or strike, *see* ECF No. 34, Amazon maintains that this case cannot proceed as a class or collective action. By their own admission, Plaintiffs' request to litigate their individualized claims on a class or collective basis will require two years' worth of burdensome discovery that will unnecessarily complicate this otherwise straightforward three-plaintiff employment litigation for no reason (indeed, that appears to be Plaintiffs' goal in pursuing such broad class and collective claims that cannot proceed under Rule 23 or the EPA). In contrast, Plaintiffs' individual claims can be resolved at a much lower burden to the parties and the Court, and allowing discovery to commence on those claims now will ensure that this litigation can be resolved in a timely manner. Accordingly, Amazon requests that putative class/collective discovery be stayed pending a ruling on Amazon's motion to dismiss or strike. *See* Fed. R. Civ. P. 26(c).

A court may stay discovery pending a ruling on a dispositive motion "for good cause" to protect a party from "undue burden or expense." Fed. R. Civ. P. 26(c). In considering a request to stay discovery pending the resolution of a motion, courts generally take a "preliminary peek" at the motion to determine whether: (1) the motion would be potentially dispositive of the issue on which discovery is sought, and (2) the motion can be decided without additional discovery. *Bosh v. United States*, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019).

Here, a "preliminary peek" at Amazon's motion to dismiss or strike demonstrates that a stay of class/collective discovery is warranted. Of course, if the Court grants the motion, all class

and collective action discovery will be unnecessary. And the motion can be decided without discovery, as Plaintiffs fail to plead viable class or collective claims even assuming their allegations are true. *See Lloyd v. Buzell*, 2019 WL 2646243, at *1 (W.D. Wash. June 27, 2019). Plaintiffs are incorrect that "Amazon's arguments regarding the propriety of class and collective certification will turn entirely on the factual record that has not yet been developed." Instead, as Amazon's motion makes clear, the FAC itself demonstrates that Plaintiffs cannot possibility satisfy Rule 23's adequacy, commonality, predominance, or manageability requirements with respect to their Washington EPOA claim, and that Plaintiffs cannot satisfy the EPA's single-establishment (i.e., location) requirement with respect to their nationwide federal EPA collective claim.

Moreover, a stay would advance the interests of efficiency, prevent undue burden or expense on Amazon, and not cause any prejudice to Plaintiffs. Plaintiffs are currently seeking to represent a collective of *all* female Amazon employees nationwide in any position (at levels 4-8), in any business unit, for any supervisor. They also seek to represent a class of the same female employees based in Washington. Plaintiffs are seeking to represent this massive nationwide class/collective—which, at least as to the collective, includes more than 100,000 individuals—based on their experiences as *three* employees who worked on a single, 15-person team at Amazon headquarters in Seattle. *See* FAC ¶¶ 85, 92, 94. Amazon should not be forced to endure sweeping class/collective discovery when the Court may well strike Plaintiffs' class and collective action claims in their entirety, rendering class/collective discovery entirely unnecessary. Proceeding with class/collective discovery now would entail a massive expenditure of resources, "which may ultimately not be required." *Troupe v. Woods*, 2016 U.S. Dist. LEXIS 71516, at *2 (W.D. Wash. May 31, 2016); *see also Barbare v. Sigue Corp.*, 2020 WL 8617424, at *2 (W.D. Wash. Sept. 30, 2020) (staying class discovery where the discovery ultimately could prove to be "unnecessary"). While Plaintiffs protest that Amazon has not provided an "adequate factual showing of an undue burden," Amazon can and will provide such a showing if the Court requests briefing on a motion

to stay. In any event, courts have found stays warranted where the discovery sought is far less burdensome than that which Plaintiffs would seek here. *See, e.g.*, *Kincheloe*, 2021 WL 5847884, at *2-3 (staying collective discovery where the defendant would need to review 50,000 documents responsive to ESI searches absent a stay).

Further, Plaintiffs will suffer no prejudice if class/collective discovery is stayed. This case is in its early stages and discovery has not yet started. And, despite Plaintiffs' suggestion to the contrary (at 7-8), the discovery needed with respect to Plaintiffs' individual claims is entirely distinct from what would be required for discovery as to a nationwide collective (or statewide class). Plaintiffs all worked on the same 15-person team in Amazon headquarters in Seattle. Their individual claims will require discovery into a limited set of facts regarding their specific jobs; the jobs of the men whom they claimed performed substantially equal work for more pay; and the circumstances regarding their requests for leave and any discrimination or retaliation they claim to have experienced at the hands of a few supervisors on the basis of their leaves or their gender. By contrast, collective discovery in this case would be shockingly broad. Just as an example, Plaintiffs could be expected to seek job descriptions and information regarding the precise nature of the work performed by *all* employees at Amazon nationwide in levels 4 through 8—in any business unit, in any position, in any state, and for any supervisor.

Because Amazon should not be ordered to engage in burdensome and costly discovery regarding a putative collective of more than 100,000 individuals when there is a strong basis to strike Plaintiffs' collective and class action allegations in their entirety, and because a stay would not cause prejudice to Plaintiffs, all collective and class discovery should be stayed pending a ruling on Amazon's motion to dismiss or strike. *See, e.g.*, *S.S. v. Microsoft Corp. Welfare Plan*, 2014 WL 12641201, at *1 (W.D. Wash. Dec. 15, 2014) (staying class discovery where the case was "in its infancy" and a stay would promote efficiency and judicial economy); *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884, at *1 (N.D. Cal. Dec. 9, 2021) (granting motion to stay discovery

in collective action "pending resolution of [defendant's] motion to dismiss"). Again, Amazon is prepared to file a formal motion to stay class/collective action discovery to the extent requested by the Court.

In the meantime, Amazon intends to seek discovery from Plaintiffs related to their individual claims, including, but not limited to, discovery regarding the following subjects: Plaintiffs' job duties and responsibilities; Plaintiffs' compensation; Plaintiffs' medical conditions and alleged requests for leave; Plaintiffs' alleged mistreatment by Amazon employees on the basis of their gender; and Plaintiffs' efforts to mitigate their damages, if any.

**c.    Electronically Stored Information ("ESI")**:  The Parties are working cooperatively to determine whether to enter into a modified version of the Model Protocol for Discovery of ESI. The Parties agree that all discoverable ESI will be preserved. The Parties will work together regarding custodians and sources of ESI, search processes, production format, and similar issues. The Parties will be better able to describe the likely subjects of ESI discovery at a later date.

*Plaintiffs' Statement*: Plaintiffs expect that discovery will involve both structured pay and personnel data, as well as the collection and production of electronically-stored documents and communications.

**d.    Privilege Issues**:  The Parties will file a proposed Stipulated Protective Order that addresses privilege issues and the Parties otherwise are not aware of any issues to be resolved at this time.

**e.    Proposed Limitations On Discovery**:  With the exception of Amazon's request for a stay of class/collective action discovery, the Parties currently propose no limits on discovery beyond those set forth in the Federal and Local Rules.

**f.    Discovery Orders**:  With the exception of Amazon's request for a stay of class/collective action discovery, and the Parties' anticipated filing of a proposed Stipulated

Protective Order to govern the exchange of confidential information in discovery, the Parties propose no specific discovery orders at this time.

**6. Views, Proposals, and Agreements Regarding LCR 26(f)(1):**

    **a.    Prompt Case Resolution:**

*Plaintiffs' Statement*: Plaintiffs are open to classwide settlement discussions at any time, based on adequate discovery. Plaintiffs attempted to resolve the action presuit, through extensive discussions with Amazon's counsel, but were unsuccessful, resulting in this action being filed.

*Amazon's Statement*: Amazon's position is that this case cannot be maintained as a class or collective action and that settlement discussions on a class or collective action basis would not be productive.

    **b.    Alternative dispute resolution**: The Parties believe that an agreed-upon private mediator would be most effective in facilitating settlement discussions at the appropriate time; Amazon maintains that such discussions will not be productive until after the Court has ruled on Amazon's motion to dismiss or strike.

    **c.    Related cases**: The Parties are not aware of any related cases. Pursuant to Local Rule 3(h), if a Party "knows or learns that [this action] involves all or a material part of the same subject matter and all or substantially the same parties as another action that is pending in any other federal or state court, before an administrative body, or before an arbitrator," the Party will "file a Notice of Pendency of Other Action within five days of learning of the other action."

    **d.    Discovery management**: The Parties anticipate attempting to resolve discovery disputes informally and, if necessary, through periodic case management conferences to the extent the Court is amenable. The Parties do not believe that any modifications to the default Federal and Local Rules are warranted at this time.

    **e.    Anticipated discovery sought:**

*Plaintiffs' Statement*: As discussed in Section 5(b), Plaintiffs anticipate classwide and

individual discovery consistent with the FAC.

*Amazon's Statement*: As discussed in Section 5(b), Amazon maintains that this case cannot proceed as a class or collective action. Accordingly, Amazon requests that putative class/collective discovery be stayed pending a ruling on Amazon's motion to dismiss or strike. *See* Fed. R. Civ. P. 26(c). In the meantime, Amazon intends to seek discovery from Plaintiffs related to their individual claims on the subjects Amazon raised in Section 5(b).

    **f.**    **Phasing of motions**:

*Plaintiffs' Statement*: Plaintiffs intend to (1) move for conditional certification of their federal EPA claim, so that notice can be issued at the earliest practicable time to allow individuals to learn of their claims and decide whether to opt in to the collective, pursuant to 29 U.S.C. § 216(b), (2) move for class certification of their EPOA claim, pursuant to Fed. R. Civ. P. 23, and possibly (3) move for summary judgment as to some or all class and/or individual claims.

*Amazon's Statement*: Amazon requests that the Parties be ordered to submit a proposal for further motions practice within fourteen (14) days of the Court's ruling on Amazon's pending motion to dismiss or strike. Amazon anticipates filing motions for summary judgment on Plaintiffs' individual claims after the conclusion of individual discovery.

    **g.**    **Preservation**: The Parties have preserved and will preserve information in their possession, custody, or control that they have reason to believe is potentially relevant to the claims and defenses in this case. The Parties do not anticipate any issue related to document preservation, nor the need for any preservation obligations beyond those standard to all litigation.

    **h.**    **Privilege**: The Parties will file a Proposed Stipulated Protective Order to address privilege issues.

    **i.**    **Model ESI protocol**: As noted in Section 5(c), the Parties anticipate exchanging ESI and are working cooperatively to determine whether to enter into a modified version of the Model Protocol for Discovery of ESI.

    **j.**  **Alternatives to the model ESI protocol**: *See* Section 6(i).

  **7.** **Date by which discovery can be completed**:

   *Plaintiffs' Position*: Recognizing that the completion of discovery will depend on the resolution of anticipated procedural and substantive motions addressing the timing of discovery and scope and structure of claims, the Plaintiffs currently anticipate that fact discovery will be completed by summer 2025 and expert discovery by February 2026. Such discovery will necessarily be iterative and involve detailed meet and confer discussions between the parties to allow Amazon to describe its document and data organization practices to Plaintiffs. Below, Amazon proposes a "proposal" for discovery, which is not likely workable given the extreme asymmetry of knowledge between the parties regarding Amazon's document and data storage practices. While Plaintiffs are eager to learn from Amazon about these issues during the standard meet and confer process, in Plaintiffs' counsel's experience, such a conversation between the parties typically lasts months or more.

   *Amazon's Position*: Amazon requests that the Parties be ordered to submit a proposal for class/collective action discovery, if necessary, within fourteen (14) days of the Court's ruling on Amazon's pending motion to dismiss or strike.

  **8.** **Bifurcation**:

   *Plaintiffs' Position*: Bifurcation is strongly disfavored because it is both inefficient and contrary to the mandates of Fed. R. Civ. P. 1 (requiring application of the Rules to promote "just, speedy, and inexpensive" resolution of claims), Fed. R. Civ. P. 23 (requiring class certification at an "early practicable time"), and the remedial purpose of the state and federal discrimination statutes at issue, as enacted by the Washington Legislature and Congress. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (describing the "overlap" between the class certification analysis and "the merits of the plaintiff's underlying claim"). Accordingly, courts regularly deny requests to bifurcate discovery between merits and class issues. *Hunichen*

*v. Atonomi LLC*, No. 19 Civ. 615, 2020 U.S. Dist. LEXIS 178213, at *4-5 (W.D. Wash. Sept. 28, 2020) (denying motion to bifurcate class and merits discovery because bifurcation imposes "significant prejudice to plaintiff," is not favored by judicial economy, and would only cause greater delay to the outcome of the litigation); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15 Civ. 2057, 2018 U.S. Dist. LEXIS 2286, at *9 (C.D. Cal. Jan. 5, 2018) (denying motion to bifurcate class and merits discovery and noting that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two" (citing cases)).

*Amazon's Statement*: If the Court denies Amazon's pending motion to dismiss or strike and/or denies Amazon's request for a stay of class/collective action discovery, Amazon intends to move to bifurcate discovery, with individual discovery to proceed prior to class/collective action discovery. Even in cases in which a party has not moved to strike the plaintiffs' class allegations, courts often grant motions to bifurcate, ordering individual discovery to proceed first with class discovery to follow afterwards. *See, e.g.*, *Fitzgerald v. Pollard*, 2021 WL 2104959, at *2 (S.D. Cal. May 25, 2021) (bifurcating class and individual discovery with discovery on individual claims proceeding first); *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3584695, at *2 (N.D. Ohio May 22, 2023) (bifurcating class and individual discovery and noting that "courts have often approved bifurcating discovery in . . . cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery."). At minimum, that should occur here, in light of the relative simplicity of Plaintiffs' individual claims and the transparent differences between their individualized allegations related to their specific managers, team, and office and any claims that they seek to pursue premised on a supposed nationwide (or statewide) policy or practice of underpaying women.

**9.** **Pretrial statement and order**: The Parties believe that the pretrial statement and order called for by LCR 16 should not be dispensed with for this case.

**10.    Individualized Trial Program and ADR**:  The Parties do not intend to use the LCR 39.2 Individualized Trial Program or the LCR 39.1 ADR options at this time.

**11.    Other ways of shortening or simplifying the case**:  The Parties agree to electronic service, via email to counsel of record, and that such electronic service will be treated as personal service for purposes of computing any deadlines triggered by such service.

**12.    Trial Date**:

*Plaintiffs' Position*: The trial date should be set after resolution of key motions, including Plaintiffs' collective action certification motion, Plaintiffs' class certification motion, and any summary judgment motions by either party.  Given that the shape and size of the case cannot be known until such motions are decided, setting a trial date before those rulings would likely rely on guesswork.

*Amazon's Position*: Amazon agrees that it is premature to estimate the length of trial or provide suggested trial dates at this time.

**13.    Jury Trial**:  Plaintiffs request a jury trial on all claims as legally appropriate.

**14.    Number of Trial Days Needed**:  The Parties agree that the length of trial and trial dates can be determined after resolution of the key motions discussed above.

**15.    Trial counsel contact information**:

   a. *Plaintiffs*:  Plaintiffs are represented by Cassandra W. Lenning, Jahan C. Sagafi, Menaka N. Fernando, Chauniqua D. Young, Adam T. Klein, Cara E. Greene, Michael C. Danna, Lindsay M. Goldbrum, and Jennifer Davidson of Outten & Golden LLP.

   b. *Amazon*:  Amazon is represented by Jason C. Schwartz, Molly T. Senger, Matt Gregory, and Alex Bruhn, of Gibson, Dunn & Crutcher LLP, and Andrew E. Moriarty and Shannon McDermott, of Perkins Coie LLP

**16.    Dates with potential conflicts for setting trial date**:  Consistent with Section 12,

the Parties should assess scheduling conflicts when the trial date is being set.

**17.     Service**:  Plaintiffs have served Amazon.

**18.     Pre-trial conference**:  The Parties respectfully request a conference with the Court to discuss this Joint Report and Discovery Plan, the scheduling of the motions described herein and how discovery will proceed.

**19.     Corporate disclosure statement**:  On December 12, 2023, Amazon filed its Corporate Disclosure Statement.  ECF No. 17.

DATED this 27th day of February, 2024.

By: *s/ Andrew E. Moriarty*
Andrew E. Moriarty
Shannon McDermott
Perkins Coie LLP
1201 3rd Ave. Ste 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
AMoriarty@perkinscoie.com
SMcDermott@perkinscoie.com

Jason C. Schwartz (pro hac vice)
Molly T. Senger (pro hac vice)
Matt Gregory (pro hac vice forthcoming)
Alex Bruhn (pro hac vice)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: +1.202.955.8500
Facsimile: +1.202.467.0539
JSchwartz@gibsondunn.com
MSenger@gibsondunn.com
MGregory@gibsondunn.com
ABruhn@gibsondunn.com

*Attorneys for Defendant Amazon.com, Inc.*

OUTTEN & GOLDEN LLP

By: *[signature: Cassandra Lenning]*
Cassandra W. Lenning, WSBA #54336
Jahan C. Sagafi*
Menaka N. Fernando*
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800

Adam T. Klein*
Cara E. Greene*
Chauniqua D. Young*
Michael C. Danna*
Lindsay M. Goldbrum*
685 3rd Ave 25th Floor
New York, NY 10017
Telephone: (212) 209-0675

Jennifer Davidson
1225 New York Ave NW, Suite 1200B
Washington, DC 20005
Telephone: (202) 918-5476
*Admitted pro hac vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

JOINT STATUS REPORT
Page 19 of 19