THE HONORABLE JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CAROLINE WILMUTH, KATHERINE SCHOMER, and ERIN COMBS, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>AMAZON.com, Inc.,<br><br>     Defendant. | Case No. 2:23-cv-01774-JNW<br><br>**PLAINTIFF-INTERVENORS'**<br>**MOTION TO INTERVENE**<br><br>NOTICE ON MOTION CALENDAR:<br>April 10, 2026 |
| GAYATRI SRINIVAS and AMY CISNEROZ, on behalf of themselves and all others similarly situated,<br><br>     Plaintiff-Intervenors,<br><br>  v.<br><br>AMAZON.com, Inc.,<br><br>     Defendant. | |

MOTION TO INTERVENE - i
2:23-CV-01774-JNW

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................1

BACKGROUND ..................................................................................................................2

ARGUMENT........................................................................................................................4

I.  The Court Should Grant Intervention as a Matter of Right. ...............................5

    A.  Intervenors' Application Is Timely.........................................................5

    B.  Intervenors Have a Significant Protectable Interest in Securing a Strong Result for Themselves and the Class ....................................................7

    C.  Intervenors' Interest May Be Impaired Due to the Loss of Expert Counsel. ..........8

II.  In the Alternative, Permissive Intervention Is Appropriate...............................11

CONCLUSION....................................................................................................................12

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

# TABLE OF AUTHORITIES

**CASES**                                                                                              **PAGE(S)**

*Akina v. Hawaii*,
 835 F.3d 1003 (9th Cir. 2016)............................................................................................8

*Britton v. Servicelink Field Servs., LLC*,
 No. 18 Civ. 41, 2019 U.S. Dist. LEXIS 182650 (E.D. Wash. Apr. 12, 2019)............11, 12

*Calibuso v. Bank of Am. Corp.*,
 299 F.R.D. 359 (E.D.N.Y. 2014) .....................................................................................2

*California CRD v. Activision Blizzard, Inc.*,
 No. 21-STCV-26571 (Los Angeles County Super. Ct.) .....................................................3

*Cf. Pettway v. Am. Cast Iron Pipe Co.*,
 576 F.2d 1157 (5th Cir. 1978).........................................................................................4

*Chen-Oster v. Goldman Sachs & Co.*,
 No. 10 Civ. 6950, 2023 U.S. Dist. LEXIS 200333 (S.D.N.Y. Nov. 7, 2023) ..............2, 10

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
 647 F.3d 893 (9th Cir. 2011).............................................................................................9

*In re Cmty. Bank of N. Va.*,
 418 F.3d 277 (3d Cir. 2005)..............................................................................................8

*Diaz v. Tr. Territory of the Pac. Islands*,
 876 F.2d 1401 (9th Cir. 1989)....................................................................................... 8-9

*Donnelly v. Glickman*,
 159 F.3d 405 (9th Cir. 1998)............................................................................................8

*Ellis v. Google, LLC*,
 No. 17 Civ. 561299, 2021 Cal. Super. LEXIS 158293 (Cal. Super. Ct. May
 27, 2021) .......................................................................................................................10

*In re Facebook, Inc. S'holder Derivative Privacy Litig.*,
 367 F. Supp. 3d 1108 (N.D. Cal. 2019).........................................................................12

*Gates v. Cook*,
 234 F.3d 221 (5th Cir. 2000)..........................................................................................10

*Glass v. UBS Fin. Servs.*,
 No. 06 Civ. 4068, 2007 U.S. Dist. LEXIS 8509 (N.D. Cal. Jan. 17, 2007) ......................8

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

*Herrera v. SEIU Local 87*,
    No. 10 Civ. 1888, 2013 U.S. Dist. LEXIS 47131 (N.D. Cal. Apr. 1, 2013).....................10

*Houser v. Pritzker*,
    28 F. Supp. 3d 222 (S.D.N.Y. 2014) ........................................................................................2

*Kamakahi v. Am. Soc'y for Reprod. Med.*,
    No. 11 Civ. 1781, 2015 U.S. Dist. LEXIS 54842 (N.D. Cal. Apr. 27, 2015)...........5, 7, 11

*Koike v. Starbucks Corp.*,
    602 F. Supp. 2d 1158 (N.D. Cal. 2009).............................................................................7

*Lee v. The Pep Boys-Manny Moe*,
    No. 12 Civ. 5064, 2016 U.S. Dist. LEXIS 9753 (N.D. Cal. Jan. 27, 2016) ......................4

*Munoz v. PHH Corp.*,
    No. 08 Civ. 759, 2013 U.S. Dist. LEXIS 106004 (E.D. Cal. July 26, 2013).............6, 7, 8

*Nw. Forest Res. Council v. Glickman*,
    82 F.3d 825 (9th Cir. 1996)...............................................................................................5

*Rasmussen v. The Walt Disney Co.*,
    No. 19 Civ. 10974, 2024 Cal. Super. LEXIS 6784 (Cal. Super. Ct. Jan. 30,
    2024) ..................................................................................................................................9

*Rollins v. Dignity Health*,
    No. 13 Civ. 1450, 2020 U.S. Dist. LEXIS 263635 (N.D. Cal. Nov. 2, 2020).................11

*Ruderman v. Wash. Nat'l Ins. Co.*,
    263 F.R.D. 670 (S.D. Fla. 2010) ..........................................................................7, 9, 10

*Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*,
    No. 15 Civ. 797, 2016 U.S. Dist. LEXIS 141443 (N.D. Cal. Oct. 11, 2016).....................6

*Spangler v. Pasadena City Bd. of Ed.*,
    552 F.2d 1326 (9th Cir. 1977)...........................................................................................11

*Sw. Ctr. for Bio. Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001)............................................................................................5, 9

*Ubaldi v. SLM Corp.*,
    No. 11 Civ. 1320, 2014 U.S. Dist. LEXIS 192288 (N.D. Cal. June 13, 2014) .............. 4-5

*United States v. City of Los Angeles*,
    288 F.3d 391 (9th Cir. 2002)...........................................................................................7, 8

MOTION TO INTERVENE
2:23-CV-01774-JNW - iv

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

*United States v. Washington,*
    86 F.3d 1499 (9th Cir. 1996)............................................................................... 5-6

*Wash. State Bldg. & Constr. Trades Council v. Spellman,*
    684 F.2d 627 (9th Cir. 1982)....................................................................................4

*Wilderness Soc'y. v. U.S. Forest Serv.,*
    630 F.3d 1173 (9th Cir. 2011)...................................................................................5

**FEDERAL RULES**

Fed. R. Civ. P. 23...........................................................................................................4, 8

Fed. R. Civ. P. 24.................................................................................................. 4, 5, 8, 11

Fed. R. Evid. 702 ...............................................................................................................8

MOTION TO INTERVENE
2:23-CV-01774-JNW - v

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

**INTRODUCTION**

Proposed Intervenors Gayatri Srinivas and Amy Cisneroz ("Intervenors") move to intervene to protect the rights of the proposed Washington Class in this action.  This week, over two-and-a-half years into litigation and as depositions and expert discovery are set to begin, Plaintiffs Caroline Wilmuth, Erin Combs, and Katherine Schomer (the "*Wilmuth* Plaintiffs") terminated their relationship with Outten & Golden LLP ("O&G") and retained Bibiyan Law Group, P.C. ("Bibiyan") for both their individual and class claims.  After several years of promising litigation, the case is suddenly stalled, and no meaningful progress can be made, while the clock ticks on the discovery deadline and tasks pile up—including conferring regarding an ESI search process and many other discovery issues, preparing for and taking depositions, further reviewing new document productions, analyzing datasets, and coordinating with experts, among others.

Since before the case was filed in 2023, these claims have been prosecuted by one of the nation's pre-eminent employee rights firms, staffed by a large team of lawyers with profound experience leading some of the largest, most complex pay discrimination class actions in the nation's history.  Plaintiffs' case has been advanced diligently and capably by a team of ten attorneys (and numerous additional attorneys, paralegals, and internal data analysts) at O&G on behalf of the *Wilmuth* Plaintiffs and the proposed Washington Class.  The extremely substantial class-wide discovery phase is currently scheduled to conclude on August 14, 2026.

The Class Members' rights are now being prejudiced.  The Class Members stand to lose the benefit of the thousands of hours of intimate knowledge of these claims the various O&G professionals have developed and their expertise in this and the very few similar cases that exist.  They also stand to lose precious months or years of litigation progress if a new law firm will join the case and try to get up to speed.  The Class Members also risk adverse rulings if lawyers lacking the deep pay discrimination class action expertise necessary here are at the helm.  To limit delay and to ensure the Class has the benefit of the knowledgeable and capable counsel

MOTION TO INTERVENE
2:23-CV-01774-JNW - 1

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

deeply involved in moving the class claims forward to date, Intervenors urgently and respectfully submit that intervention is required.

Intervenors meet all requirements for intervention as of right and permissive intervention under Rule 24. Prompt intervention is necessary to ensure that the Class is not prejudiced and the case schedule is not negatively impacted.

### BACKGROUND

The *Wilmuth* Plaintiffs filed a complaint alleging pay discrimination claims on behalf of Washington employees (along with individual claims) in November 2023. *See* ECF No. 1. Until this week, they were represented by a team of attorneys and professionals at O&G with unparalleled experience litigating large discrimination class actions. Decl. of Jahan C. Sagafi ("Sagafi Decl.") ¶ 17. O&G has a decades-long track record of leading some of the nation's largest employment discrimination class actions. *Id.* ¶ 31. For example, O&G achieved the largest gender discrimination class action settlement in history after over ten years of litigation, on the verge of trial, for $215,000,000. *Chen-Oster v. Goldman Sachs & Co.*, No. 10 Civ. 6950, 2023 U.S. Dist. LEXIS 200333, at *21 (S.D.N.Y. Nov. 7, 2023) (confirming O&G's prior appointment as class counsel for class of female investment bankers; noting that O&G has "experienced class action and employment lawyers with good reputations among the class action and employment bars and significant experience in litigating discrimination matters"). *See also Houser v. Pritzker*, 28 F. Supp. 3d 222, 248 (S.D.N.Y. 2014) (appointing O&G class counsel in ground-breaking race discrimination case, noting O&G "bring to the case a wealth of class action litigation experience, much of which relates to claims of employment and race discrimination"); *Calibuso v. Bank of Am. Corp.*, 299 F.R.D. 359, 362 n.4 (E.D.N.Y. 2014) (class counsel for female financial advisors alleging discrimination).

O&G has successfully obtained class certification and been appointed class counsel in a large number of complex contexts, in addition to discrimination. Sagafi Decl. ¶ 32. O&G has the experience to take certified classes to trial and win. *Id.* ¶ 33. O&G has also led negotiations

MOTION TO INTERVENE
2:23-CV-01774-JNW - 2

of strong injunctive relief in class settlements. *Id.* ¶ 34. O&G is also well-recognized for its commitment to the public interest and community, and has been retained repeatedly by state and local governments for the prosecution of discrimination and other employment claims. For example, in the only known instance of the state hiring a firm to prosecute employment claims on a classwide basis, the California Civil Rights Department retained O&G to litigate systemic gender discrimination, harassment, and retaliation claims, resulting in a $54,875,000 settlement and injunctive relief for thousands of women. *Id.* ¶ 19; *California CRD v. Activision Blizzard, Inc.*, No. 21-STCV-26571 (Los Angeles County Super. Ct.).

In the years since this case was filed, O&G has engaged in extensive discovery and invested over 8,000 hours of attorney and staff time on behalf of the *Wilmuth* Plaintiffs and the Washington Class, including conducting dozens of discovery conferrals by phone and in writing, analyzing tens of thousands of pages of documents, engaging in significant analysis of pay and personnel data spanning nearly 19.7 million rows of data over 12 datasets, retaining testifying experts and spending significant time conferring with those experts on their analyses, and preparing for depositions. Sagafi Decl. ¶ 20. O&G has also worked to further investigate the widespread nature of the gender pay disparities at the heart of the case and has been retained by two additional individuals to represent putative California and New York classes for analogous state law claims. *Id.* ¶ 21. Their motion to amend to join this case remains pending. *See* ECF No. 87. Currently, fact discovery is set to close on August 14, 2026, meaning all depositions must be completed in under five months. *See* ECF No. 100. Shortly after the close of fact discovery, Plaintiffs will need to make expert disclosures for class certification. *Id.* O&G is actively engaged in and prepared to accomplish these near-term tasks, informed by its close knowledge of the extensive record and close work with both its in-house data economics team and outside expert witnesses. Sagafi Decl. ¶ 22.

This past week, Cassandra Lenning, one of the O&G team members and the lawyer who has worked with the *Wilmuth* Plaintiffs since they first retained O&G to pursue individual

MOTION TO INTERVENE
2:23-CV-01774-JNW - 3

claims, left O&G to work at Bibiyan. *Id.* ¶ 25. Simultaneously, the *Wilmuth* Plaintiffs terminated O&G's representation and shortly thereafter retained Bibiyan. *Id.* ¶ 26. Ms. Lenning's role in the O&G team was focused on the individual claims, working in concert with the rest of the team, who prosecuted both the individual and class aspects of the case. *Id.* ¶ 27. Ms. Lenning was a respected partner in O&G's individual practice group. (Most of the other members of the O&G legal team work in the firm's class action practice group.) *Id.* ¶ 28. Her practice, and her work on the *Wilmuth* action, focused on individual client representation, as she had little to no class action experience, and has not been substantially involved in the litigation of the class claims here (e.g., expert work, data analysis, etc.). *Id.* Although Bibiyan has grown quickly and enjoyed many wage and hour class action settlements, Intervenors understand that Bibiyan has minimal experience in discrimination class actions. *Id.* ¶ 29.

## ARGUMENT

The Ninth Circuit instructs that Rule 24 intervention is liberally granted. *See Wash. State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982) ("Rule 24 traditionally has received a liberal construction in favor of applicants for intervention"). With class actions—which have the potential to impact far more people than just the named plaintiffs—the value of intervention is further heightened, given the vital role that class representatives and class counsel play in protecting the interests of the class. *Cf. Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1176 (5th Cir. 1978) ("[W]hen a potential conflict arises between the named plaintiffs and the rest of the class, the class attorney must not allow decisions on behalf of the class to rest exclusively with the named plaintiffs. In such a situation, the attorney's duty to the class requires him to point out conflicts to the court so that the court may take appropriate steps to protect the interests of absentee class members."). Rule 23 additionally provides that a court may allow class members to intervene "to protect class members and fairly conduct the action." *See Lee v. The Pep Boys-Manny Moe*, No. 12 Civ. 5064, 2016 U.S. Dist. LEXIS 9753, at *7 (N.D. Cal. Jan. 27, 2016) (quoting Fed. R. Civ. P. 23(d)(1)(B)); *Ubaldi v.*

MOTION TO INTERVENE
2:23-CV-01774-JNW - 4

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

*SLM Corp.*, No. 11 Civ. 1320, 2014 U.S. Dist. LEXIS 192288, at \*14 (N.D. Cal. June 13, 2014) ("[I]ntervention is the preferred method for an absent class member to join a case as a named plaintiff, even prior to certification").  In ruling on a motion to intervene, "[c]ourts are to take all well-pleaded, nonconclusory allegations . . . as true . . . ."  *Sw. Ctr. for Bio. Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

## I.    The Court Should Grant Intervention as a Matter of Right.

Under Rule 24(a)(2), an applicant may intervene as of right if: (1) the motion is timely; (2) the applicant claims a significantly protectable interest in the subject of the action; (3) the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest is inadequately represented by the parties to the action.  *Wilderness Soc'y. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011).  In evaluating whether Rule 24(a)(2)'s requirements are met, courts follow "'practical and equitable considerations' and construe the Rule 'broadly in favor of proposed intervenors.'"  *Id.* at 1179; *see also Kamakahi v. Am. Soc'y for Reprod. Med.*, No. 11 Civ. 1781, 2015 U.S. Dist. LEXIS 54842, at \*7 (N.D. Cal. Apr. 27, 2015) ("The Ninth Circuit generally construe[s] Rule 24(a) liberally in favor of potential intervenors[.]").  Plaintiff-Intervenors Srinivas and Cisneroz meet all of these factors.

### A.    Intervenors' Application Is Timely.

Courts in the Ninth Circuit consider "the reason for any delay in moving to intervene," the "stage of the proceedings," and "whether the parties would be prejudiced" in considering whether a motion to intervene is timely.  *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).

Here, Intervenors' prompt motion—filed just a few days after the *Wilmuth* Plaintiffs' termination of O&G as counsel—is a quintessentially timely action.  "Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation."  *United States v.*

*Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). The *Wilmuth* Plaintiffs first indicated a desire to change counsel midstream four days ago. *See Munoz v. PHH Corp.*, No. 08 Civ. 759, 2013 U.S. Dist. LEXIS 106004, at *30-31 (E.D. Cal. July 26, 2013) (15 days is timely); *Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, No. 15 Civ. 797, 2016 U.S. Dist. LEXIS 141443, at *20 (N.D. Cal. Oct. 11, 2016) ("a few months" is timely).

The nature of the circumstances and stage of proceedings also weigh strongly in favor of intervention. Intervention will not cause delay. In fact, intervention will stop the delay that the switch in counsel has already introduced. O&G has been deep in the weeds of discovery, with very active negotiations regarding many discovery issues, requiring intimate familiarity with the extensive record. Depositions are approaching, and expert discovery is around the corner. By removing the only lawyers who have been actively advancing the class claims, the *Wilmuth* Plaintiffs have effectively brought the case to a standstill. Intervention will get the case back on track.

Additionally, the motion to amend the Complaint to add two additional Class Representatives with California and New York claims (*see* ECF No. 87), both of whom are represented by O&G, Sagafi Decl. ¶ 24, remains pending. Intervenors submit that that motion readily satisfies the relevant standard and must be granted. At that point, the parties will need to efficiently engage in limited additional discovery—mirroring the Washington state discovery under way. Intervention will dovetail smoothly with the amended claims.

The "proper stage of proceedings to seek intervention" is now, "before a final order on class certification has issued"—rather than after the *Wilmuth* Plaintiffs' attorneys move for class certification and the Court evaluates Bibiyan's adequacy as class counsel. *See Munoz*, 2013 U.S. Dist. LEXIS 106004, at *23 (intervention three years into discovery but prior to the issuance of a final class certification decision is appropriate).

Finally, for closely related reasons, granting Intervenors' motion will not prejudice any party. "[P]rejudice is evaluated based on the difference between timely and untimely

MOTION TO INTERVENE
2:23-CV-01774-JNW - 6

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

intervention—not based on the work Defendants would need to do regardless of when [Intervenors] sought to intervene." *Kamakahi*, 2015 U.S. Dist. LEXIS 54842, at \*11-12.  The only additional discovery necessary is limited to the facts of Intervenors' equal pay claims.  Intervenors' class claims overlap cleanly with the *Wilmuth* Plaintiffs' class claims and will not require any new discovery.  As noted above, intervention is the only hope for keeping the schedule on track and avoiding the delay inherent in new lawyers catching up after years of litigation.  There is thus no prejudice to Amazon or the *Wilmuth* Plaintiffs.  *See id.* at \*12-13 (finding no prejudice, and permitting intervention, where "[t]he actual work that will need to be done as a result of intervention is almost entirely the same work that would have been required if Proposed Intervenors had … been parties from the outset: Defendants will need to take [their] depositions and perhaps conduct other discovery limited to their personal capacity to serve as [class] representative"); *Munoz*, 2013 U.S. Dist. LEXIS 106004, at \*27 (no prejudice when discovery "is open and, presumably, Defendants would have conducted discovery with respect to the" class claims alleged in the complaint whether intervenor "was listed as an original representative or sought to intervene at any point in these proceedings, including the present"); *Ruderman v. Wash. Nat'l Ins. Co.*, 263 F.R.D. 670, 677-678 (S.D. Fla. 2010) (where "[t]he factual allegations that underlie Proposed Intervenors' claims are … substantially the same as those of the Plaintiffs," any prejudice "from an enlargement of the discovery deadline … would be minimal").

### B.   Intervenors Have a Significant Protectable Interest in Securing a Strong Result for Themselves and the Class.

An interest is sufficient for intervention if: (1) it is protected under some law; and (2) the applicant shows a relationship between the legally protected interest and the parties' claims. *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1160 (N.D. Cal. 2009).  The test does not require that a party establish a "specific legal or equitable interest." *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002).  It "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and

MOTION TO INTERVENE
2:23-CV-01774-JNW - 7

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

due process." *Id.* "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998).

Intervenors have a protected interest under the EPOA to be compensated equally to male colleagues performing similar work—a claim encompassed by the *Wilmuth* Plaintiffs' class claim. Intervenors have a further interest in securing a fair and just result for themselves and the Class, which they feel is jeopardized by a change in counsel. *See Glass v. UBS Fin. Servs.*, No. 06 Civ. 4068, 2007 U.S. Dist. LEXIS 8509, at *7 (N.D. Cal. Jan. 17, 2007) ("As D'Aria is a member of the *Glass* class, he has a significant protectable interest relating to the subject of the instant action."); *Munoz*, 2013 U.S. Dist. LEXIS 106004, at *34 ("Plaintiffs' FAC alleges claims that . . . encompass[] Ms. Villalon's claims. These claims provide a significant protectable interest relating to the subject of the instant action.").

### C.    Intervenors' Interest May Be Impaired Due to the Loss of Expert Counsel.

The disruption introduced by the change in counsel has put at risk Intervenors' and the Class's shared interest in the most effective and efficient prosecution of their claims. "The question of whether protectable interests will be impaired by litigation" is similarly "put in practical terms rather than in legal terms." *Akina v. Hawaii*, 835 F.3d 1003, 1011 (9th Cir. 2016) (quoting 7C Wright, Miller & Kane, Federal Practice and Procedure § 1908.2 (3d ed. 2007)). Importantly, "the relevant inquiry is whether the [outcome in the case] 'may' impair rights 'as a practical matter' rather than whether [it] will 'necessarily' impair them." *City of L.A.*, 288 F.3d at 401 (quoting Fed. R. Civ. P. 24(a)(2)).

In the class context, this inquiry is closely intertwined with Rule 23(a)(4)'s adequacy of representation requirement. Courts have found when class members "seek intervention as a matter of right," the "interest" and "impairment" requirements of Rule 24 "are satisfied by the very nature of Rule 23 representative litigation." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005); *see also Diaz v. Tr. Territory of the Pac. Islands*, 876 F.2d 1401, 1405 n.1 (9th

MOTION TO INTERVENE
2:23-CV-01774-JNW - 8

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

Cir. 1989) (a class member "should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court"). "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Berg*, 268 F.3d at 822. "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011); *see also Ruderman*, 263 F.R.D. at 677 ("mere existence of colorable adequacy issues satisfies" the "minimal burden").

Litigating a large discrimination class action is inherently complex and requires highly specialized expertise and intimate proficiency with the record. Losing the vast majority of the legal team—who have reviewed tens of thousands of pages of documents and analyzed millions of rows of data, spent countless hours in delicate negotiations with Amazon's counsel regarding numerous active complicated discovery issues (such as ESI search processes, searches for complaint files, and robust pay, personnel, and applicant data, among many others), and vetted and strategized with sophisticated expert witnesses—puts Intervenors and the Class Members at a huge disadvantage. On top of that, the selection of a new firm simply by virtue of its new connection to Ms. Lenning, where the new firm has significantly less experience in this highly specialized area of the law, risks compounding the problem. Although Ms. Lenning's ongoing representation of Plaintiffs will be helpful in protecting their individual interests, as they have developed a relationship with her, she is an experienced individual employment attorney, and she is familiar with their individual claims, this puts the Class Members in an untenable position.

Second, class discrimination claims turn on sophisticated expert analyses, including complex statistical analyses and regression modeling demonstrating the existence and size of the pay gap. *See, e.g.*, *Rasmussen v. The Walt Disney Co.*, No. 19 Civ. 10974, 2024 Cal. Super. LEXIS 6784, at *10-12, 14 (Cal. Super. Ct. Jan. 30, 2024) (relying on expert reports from I/O psychologist Dr. Leaetta Hough and labor economist Dr. David Neumark to support granting

class certification in California EPA case); *Ellis v. Google, LLC*, No. 17 Civ. 561299, 2021 Cal. Super. LEXIS 158293, at *3, *9,*13-14 (Cal. Super. Ct. May 27, 2021) (relying on same experts in granting class certification in California EPA case); *Chen-Oster v. Goldman Sachs & Co.*, No. 10 Civ. 06950, ECF No. 578 (S.D.N.Y. March 30, 2018) (relying on significant labor economist and I/O psychologist expert testimony to grant class certification).  O&G has spent many months developing fine mastery of the expert issues.  Sagafi Decl. ¶ 23.  By contrast, the risk to the Class of inexperienced counsel handling expert discovery is enormous.  *See Herrera v. SEIU Local 87*, No. 10 Civ. 1888, 2013 U.S. Dist. LEXIS 47131, at *15 (N.D. Cal. Apr. 1, 2013) (denying class certification because plaintiffs' "statistical evidence was . . . rudimentary and far from convincing").  Class Counsel will need to work closely with experts to ensure they have the correct information and assumptions, their questions are answered, and their analyses and opinions are reliable and admissible under Rule 702.  O&G has a long track record of working with industrial-organizational psychology experts and labor economists, as well as an in-house team of six data analysts including two PhD economists.  Sagafi Decl. ¶ 18.  Intervenors understand that while Bibiyan has settled many wage and hour class actions in California, the firm is a newcomer in the discrimination class action field.  This lack of familiarity and experience presents potential risk to the Class in numerous ways.  *Id.* ¶¶ 29-30.

The "mere existence of colorable adequacy issues satisfies Proposed Intervenors' minimal burden to show that representation of their interests 'may be' inadequate." *Ruderman*, 263 F.R.D. at 677 (allegations that "Plaintiffs' proposed class counsel is inadequate" due to potential conflict of interest and thus "Plaintiffs might be inadequate class representatives [by] choosing inadequate class counsel" weighs in favor of intervention"); *see also Gates v. Cook*, 234 F.3d 221, 229 (5th Cir. 2000) (class counsel's "mishandling of certain aspects of the case," including his "failure to secure outside expert review," justified intervention).  Given the certainty of delay caused by new counsel and the lack of relevant litigation and expert experience, Intervenors believe intervention is warranted now.  *See Ruderman*, 263 F.R.D. at 677

MOTION TO INTERVENE
2:23-CV-01774-JNW - 10

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

(at intervention stage, court "need not resolve" factual disputes as to adequacy of original class representative, "for the mere existence of colorable adequacy issues" is enough).

Intervenors readily meet all the requirements for intervention as of right in this case.

## II.    In the Alternative, Permissive Intervention Is Appropriate.

Intervenors, alternatively, should be permitted to intervene under Rule 24(b).  The "three threshold requirements" are: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Kamakahi*, 2015 U.S. Dist. LEXIS 54842, at \*7-8, \*11-12 (granting permissive intervention for plaintiffs seeking to bring class-wide injunctive relief) (internal quotation and citation omitted).  "[A] district court's discretion in [granting permissive intervention] is broad." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

<u>First</u>, Intervenors' claims are rooted in the same exact facts and law as the *Wilmuth* Plaintiffs' class claim.  Specifically, both Complaints allege under the EPOA that Amazon systemically underpays female employees in Levels 4 through 8 compared to men performing similar work.  Both Complaints also allege that Amazon's common policies and practices—such as its job architecture, compensation system, and evaluation process—can be used to establish similarity of jobs on a Class-wide basis.  *See, e.g.*, *Britton v. Servicelink Field Servs., LLC*, No. 18 Civ. 41, 2019 U.S. Dist. LEXIS 182650, at \*9 (E.D. Wash. Apr. 12, 2019) ("Notably, [Intervenor] Mr. Larson shares a common claim as a proposed class representative, so the underlying factual and legal issues overlap—justifying intervention.").

<u>Second</u>, as described in detail above, Intervenors' motion is timely, filed within just a few days of learning of the *Wilmuth* Plaintiffs' decision to change counsel.  *See, e.g.*, *Kamakahi*, 2015 U.S. Dist. LEXIS 54842, at \*11-12 (permissive intervention motion, four years after case was filed, but only shortly after Court denied class certification, was timely); *Rollins v. Dignity Health*, No. 13 Civ. 1450, 2020 U.S. Dist. LEXIS 263635, at \*6 (N.D. Cal. Nov. 2, 2020)

MOTION TO INTERVENE
2:23-CV-01774-JNW - 11

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

(intervention motion filed "only a few weeks after the Court" issued an order raising concerns about class representative adequacy is timely).

Third, this Court has independent jurisdiction over Intervenors' claims pursuant to federal question jurisdiction, supplemental jurisdiction, and the Class Action Fairness Act. *See* Intervenor Complaint at ¶¶ 23-25.

Further, permitting Intervenors to intervene will not delay or prejudice the existing parties. *See In re Facebook, Inc. S'holder Derivative Privacy Litig.*, 367 F. Supp. 3d 1108, 1131 (N.D. Cal. 2019) (court must consider whether permissive intervention will unduly delay or prejudice the existing parties). Instead, it is precisely to minimize delay and proceed efficiently under the current schedule that Intervenors now move to intervene. The two Intervenors do not introduce any claims warranting additional discovery beyond the existing schedule, as their claims overlap with the claims already subject to discovery. *Britton*, 2019 U.S. Dist. LEXIS 182650, at *9 (no prejudice where seven months left in the discovery period and "the issue of class certification should not be altered in any dramatic way by the inclusion of [Intervenor], so adding him as a named plaintiff in the middle of the briefing schedule for certification should have limited, if any, effect").

## CONCLUSION

For the foregoing reasons, Intervenors respectfully request the Court permit them to intervene to protect their interests and those of the Class.

MOTION TO INTERVENE
2:23-CV-01774-JNW - 12

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

DATED: March 20, 2026

I certify that this memorandum contains 4,199 words, in compliance with the Local Civil Rules.

FRANK FREED SUBIT & THOMAS LLP

By:    /s/ Michael C. Subit
       Michael C. Subit, WSBA No. 29189
       msubit@frankfreed.com
       705 Second Avenue, Suite 1200
       Seattle, Washington 98104
       Telephone: (206) 682-6711
       Facsimile: (206) 682-0401

OUTTEN & GOLDEN LLP

       Jahan C. Sagafi*
       Hannah C. Meropol*
       Sophia Jane Balkoski**
       One California Street, Suite 1250
       San Franciso, CA 94111
       Telephone: (415) 638-8800
       jsagafi@outtengolden.com
       HMeropol@outtengolden.com
       JBalkoski@outtengolden.com

       Adam T. Klein*
       Cara E. Greene*
       Chauniqua Young*
       Michael C. Danna*
       Zarka S. Dsouza**
       685 3rd Avenue, 25th Floor
       New York, NY 10017
       Telephone: (212) 209-0675
       aklien@outtengolden.com
       cgreene@outtengolden.com
       cyoung@outtengolden.com
       mdanna@outtengolden.com
       zdsouza@outtengolden.com

       Jenny Yang**
       Jennifer Davidson*
       Jon Ostrowsky*

MOTION TO INTERVENE
2:23-CV-01774-JNW - 13

1225 New York Ave NW, Suite 1200B
Washington, DC 20005
Telephone: (202) 918-5476
jyang@outtengolden.com
jdavidson@outtengolden.com
jostrowsky@outtengolden.com

*admitted pro hac vice

**pro hac vice forthcoming

Attorneys for Plaintiff-Intervenors and
the Proposed Class

MOTION TO INTERVENE
2:23-CV-01774-JNW - 14

OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

**CERTIFICATE OF SERVICE**

I certify that on March 20, 2026, I caused the foregoing PLAINTIFF-INTERVENORS'

MOTION TO INTERVENE to be electronically filed with the Clerk of the Court using the

CM/ECF system, which sent notification of such filing to all counsel of record. I certify that on

March 20, 2026 I served the plaintiffs and their counsel through electronic mail to the email

addresses set forth below:

Cassandra Lenning                          Caroline Wilmuth
BIBIYAN LAW GROUP, P.C.                     caroline.wilmuth@gmail.com
1460 Westwood Boulevard
Los Angeles, CA 90024                       Katherine Schomer
Email: CLenning@tomorrowlaw.com             schkg@hotmail.com

David Bibiyan                               Erin Combs
BIBIYAN LAW GROUP, P.C.                     erincombs13@gmail.com
1460 Westwood Boulevard
Los Angeles, CA 90024
Email: David@tomorrowlaw.com

DATED: March 20, 2026                       FRANK FREED SUBIT & THOMAS LLP

                                            By:    s/ Michael C. Subit
                                                   Michael C. Subit

Certificate of Service                      OUTTEN & GOLDEN LLP
2:23-CV-01774-JNW                           One California Street, Suite 1250
                                            San Francisco, CA 94111
                                            (415) 638-8800