THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLINE WILMUTH, KATHERINE
SCHOMER, and ERIN COMBS, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC.,

Defendant.

Case No. 2:23-cv-01774-JNW

**DEFENDANT'S OPPOSITION TO
PROPOSED INTERVENORS'
MOTION TO INTERVENE**

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF CONTENTS

Introduction ........................................................................................................... 1

Relevant Background ............................................................................................. 2

    I.     This Litigation To Date. ........................................................................ 2

    II.    Intervenors' Motion. ............................................................................ 3

Legal Standard ...................................................................................................... 4

Argument .............................................................................................................. 5

    I.     Intervenors Are Not Entitled To Intervention As Of Right. ................... 5

        A.    Intervenors' Motion Is Untimely. .................................................5

        B.    Intervenors Lack Any Protectable Interest In This Action. ........................7

        C.    Intervenors Can Prevent Any Impairment Of Their Interests By Bringing Their Own Individual Suits. ........................................10

    II.    The Court Should Deny Intervenors' Request For Permissive Intervention. ....... 11

Conclusion ........................................................................................................... 12

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarez v. Experian Info. Sols., Inc.*,
758 F. Supp. 3d 60 (E.D.N.Y. 2024) ................................................................................7

*Askin v. Quaker Oats Co.*,
2011 WL 5008524 (N.D. Ill. Oct. 20, 2011).....................................................................9

*Authors Guild v. Open AI, Inc.*,
345 F.R.D. 585 (S.D.N.Y. 2024) ....................................................................................10

*Blake v. Pallan*,
554 F.2d 947 (9th Cir. 1977) ..........................................................................................11

*Calderon v. Clearview AI, Inc.*,
2020 WL 2792979 (S.D.N.Y. May 29, 2020) .................................................................8, 9

*Diaz v. Trust Territory of Pacific Islands*,
876 F.2d 1401 (9th Cir. 1989) ........................................................................................11

*Donnelly v. Glickman*,
159 F.3d 405 (9th Cir. 1998) ..........................................................................................4, 7

*Garcia v. Stemilt Ag Servs. LLC*,
2022 WL 577664 (E.D. Wash. Jan. 11, 2022).................................................................10

*Glass v. UBS Financial Services, Inc.*,
2007 WL 474936 (N.D. Cal. Jan. 17, 2007), *aff'd*, 331 F. App'x 452 (9th Cir.
2009) .................................................................................................................................8, 10

*Harris v. Vector Mktg. Corp.*,
2010 WL 3743532 (N.D. Cal. Sept. 17, 2010) ...............................................................12

*Hayes v. Umpqua Bank*,
2020 WL 8611117 (D. Or. Aug. 4, 2020), *R&R adopted*, 2021 WL 640900
(D. Or. Feb. 18, 2021)......................................................................................................8, 11

*Kamakahi v. Am. Soc'y for Reprod. Med.*,
2015 WL 1926312 (N.D. Cal. Apr. 27, 2015) .................................................................6, 9, 11

*Koike v. Starbucks Corp.*,
602 F. Supp. 2d 1158 (N.D. Cal. 2009) .............................................................................9

*Lee v. Pep Boys-Manny Moe & Jack of Cal.*,
2016 WL 324015 (N.D. Cal. Jan. 27, 2016) ....................................................................10, 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Lindblom v. Santander Consumer USA, Inc*,
    2018 WL 3219381 (E.D. Cal. June 29, 2018), *aff'd*, 771 F. App'x 454 (9th
    Cir. 2019) ...................................................................................................................10

*LULAC v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ...............................................................................5, 11

*McClintic v. Lithia Motors, Inc.*,
    2011 WL 13127844 (W.D. Wash. Oct. 19, 2011) .........................................................8

*Mejia v. Time Warner Cable Inc.*,
    2017 WL 3278926 (S.D.N.Y. Aug. 1, 2017) ...............................................................8

*Munoz v. PHH Corp.*,
    2013 WL 3935054 (E.D. Cal. July 29, 2013) .....................................................6, 9, 11

*N. Fork Rancheria of Mono Indians v. California*,
    2016 WL 3519245 (E.D. Cal. June 27, 2016) ............................................................11

*Neversink Gen. Store v. Mowi USA, LLC*,
    2021 WL 1930320 (S.D.N.Y. May 13, 2021) ............................................................10

*Perry v. Prop. 8 Official Proponents*,
    587 F.3d 947 (9th Cir. 2011) ...................................................................................1, 4

*Rollins v. Dignity Health*,
    2020 WL 13220648 (N.D. Cal. Nov. 2, 2020) ...........................................................11

*S. Cal. Edison Co. v. Lynch*,
    307 F.3d 794 (9th Cir. 2002) ......................................................................................7

*Ruderman ex rel. Schwartz v. Wash. Nat'l Ins. Co.*,
    263 F.R.D. 670 (S.D. Fla. 2010).............................................................................6, 10

*Sheehy v. Intermountain Health Care, Inc.*,
    2025 WL 4084903 (D. Colo. Dec. 29, 2025)........................................................8, 9, 11

*Shenzhenshi Haitiecheng Science and Technical Company v. Rearden LLC*,
    2016 WL 5930289 (N.D. Cal. Oct. 11, 2016).............................................................5, 6

*Srinivas v. Amazon, Inc.*,
    No. 2:26-cv-1199 (W.D. Wash. Apr. 8, 2026) ............................................................4

*T.C. v. N.Y. State Dep't of Health*,
    2024 WL 689503 (S.D.N.Y. Feb. 20, 2024), *aff'd in part, vacated in part on
    other grounds, and remanded sub nom.*, 147 F.4th 270 (2d Cir. 2025) ....................8

*In re Toyota Hybrid Brake Litig.*,
    2020 WL 6161495 (E.D. Tex. Oct. 21, 2020) ..............................................................8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Travis v. Navient Corp.*,
    284 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................9, 11

*United States v. Washington*,
    86 F.3d 1499 (9th Cir. 1996) .........................................................................5

*Viet Bui v. Sprint Corp.*,
    2015 WL 3828424 (E.D. Cal. June 19, 2015) ..............................................8

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)........................................................................................8

*Waudby v. Verizon Wireless Servs., LLC*,
    248 F.R.D. 173 (D.N.J. 2008)........................................................................9

*Worthington v. Bayer Healthcare LLC*,
    2011 WL 6303999 (D.N.J. Dec. 15, 2011) ...............................................9, 10

**Rules**

Fed. R. Civ. P. 24(a)(2).............................................................................4, 9, 11

Fed. R. Civ. P. 24(b)(2)...................................................................................4

Fed. R. Civ. P. 24(b)(3)...................................................................................5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**Introduction**

Proposed Intervenors Gayatri Srinivas's and Amy Cisneroz's ("Intervenors") motion is a transparent attempt by Outten & Golden LLP ("Outten") to put itself back in the driver's seat of this litigation after Plaintiffs decided to follow their attorney Cassandra Lenning from Outten to her new firm and oust Outten as counsel of record in this case. This sort of jockeying may be appropriate in a motion for appointment as lead counsel, but it does not provide a viable basis to intervene in a long-running, complex case. Intervention must be requested in a timely manner and is reserved for situations where someone has a protectable interest in an ongoing litigation, there are no good options to safeguard that interest other than joining the suit, and intervention will cause minimal prejudice to the existing parties. *See Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2011). None of these elements is met here.

Intervenors had multiple opportunities to join the case earlier, but did not. Given the breadth of Plaintiffs' proposed putative class claims, it has taken nearly 2.5 years to get to the point where depositions are on the horizon; permitting Intervenors to join now would significantly delay the litigation and derail the progress the parties have made in advancing the case.

As to other factors, there is no good reason to permit intervention here. Although Intervenors seek to bring individual claims under the federal Equal Pay Act ("EPA") and individual and class claims under Washington's Equal Pay and Opportunity Act ("EPOA"), the similarities between their claims and Plaintiffs' claims end there. Plaintiffs all worked in "non-tech" roles on a small team within the Worldwide Communications Organization and allege they were paid less than a bevy of purported male comparators. Srinivas, by contrast, worked in Amazon Web Services as a "tech" classified L6 Senior Technical Writer. Cisneroz worked in Amazon's Fashion and Personalization Organization as an L7 Principal Product Manager. In fact, Srinivas's claim flatly contradicts Plaintiffs' theory that Amazon refuses to assign women to higher-paid "tech" job codes, as Srinivas herself was assigned to precisely such a "tech" code.

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

If Srinivas and Cisneroz wish to pursue claims, they can do so through their own lawsuit. In fact, just a few weeks after filing this Motion, Srinivas and Cisneroz did exactly that, and there is no reason why they need to intervene here. Moreover, no class has been certified and Intervenors' claims are factually distinct from Plaintiffs' claims, so they lack any protectable interest in Plaintiffs' claims, and certainly not one that would be impaired if the case proceeded without them.

At bottom, Outten's attempt to re-enter the case through intervention is an effort to protect its *own* interests. Outten emphasizes that it "invested over 8,000 hours of attorney and staff time" on behalf of its former clients. Mot. (Dkt. 103) at 3; Dkt. 104 ¶ 20. But Rule 24 is concerned with non-parties' *substantive* interests, not the interests of a law firm that formerly represented other litigants. Intervenors' motion should be denied.

## Relevant Background

### I.    This Litigation To Date.

In November 2023, Plaintiffs, then represented by Outten, filed this lawsuit. Among other claims, they asserted equal-pay claims on behalf of a putative Rule 23 class under the Washington EPOA and sought to bring a federal EPA claim on behalf of a nationwide collective. FAC (Dkt. 33) ¶ 63.

Plaintiffs and Outten then began soliciting additional women to join the case. Opt-in plaintiffs began joining in January 2024. Dkt. 25. Plaintiffs then amended their complaint in February 2024. *See* FAC. In June 2025—after Amazon served discovery on the opt-ins— Plaintiffs abandoned their claim to represent a nationwide EPA collective, and the opt-ins began withdrawing. Dkt. 97 ¶ 3; Dkts. 84, 85, 97-1; *see also* Dkts. 94-1, 94-2 (removing collective claim in Proposed Second Amended Complaint). Five months later, however, Outten sought leave to amend the complaint to add two new plaintiffs and additional proposed class claims under New York and California law. Dkt. 87. That motion remains pending.

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 2

Meanwhile, discovery has proceeded on the individual claims of Wilmuth, Schomer, and Combs, as well as on the putative class claims. Plaintiffs' individual claims turn on highly individualized facts specific to these three plaintiffs and their small team in Seattle. *See* FAC; Dkt. 96. Plaintiffs identified 76 persons in their initial disclosures and dozens of additional persons with knowledge of their individual claims in interrogatory responses. Through discovery, Amazon has identified additional third parties (such as new employers and medical providers) with relevant information. As Outten concedes, there has been "extensive discovery" underway regarding Plaintiffs' individual allegations, their 12 alleged male comparators, and their team within the Worldwide Communications Organization. Mot. 3. Through Outten, Plaintiffs propounded 40 interrogatories and 32 requests for production tailored to their individual claims.

Although the parties have been working through disputes about the breadth of class and individual discovery, they have made significant progress toward completing discovery. Amazon has produced tens of thousands of pages of documents, many of which are focused on Plaintiffs specifically. The parties have agreed to search ESI of more than 22 custodians for Plaintiffs' individual claims alone. Sufficient progress has been made such that the parties anticipate Plaintiffs' depositions will occur in June and that discovery on the claims in the current operative complaint can be completed by the current deadline of August 14, 2026. Now that Lenning has left Outten for Bibiyan Law Group, and Plaintiffs have retained Bibiyan as their counsel (Dkts. 102, 105), Amazon continues to work cooperatively with Lenning. After fact discovery closes on August 14, 2026, the parties have stipulated to a schedule governing expert discovery, which will be followed by Plaintiffs' motion for class certification due on February 16, 2027. Dkt. 100.

## II.    Intervenors' Motion.

After Lenning left Outten, Plaintiffs terminated Outten's representation. Outten then sought to re-enter this case through Intervenors. Intervenors allege that they knew of supposed pay disparities dating back to 2013 or 2014, long before Plaintiffs filed this lawsuit. *See* Dkt. 104-1 ¶¶ 99-104, 111-15. Nevertheless, Intervenors were not among the women who attempted to join

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

this case as opt-in plaintiffs back when Plaintiffs (through Outten) sought to represent a nationwide collective. *See id.* ¶ 111.  Nor did Intervenors attempt to intervene when Plaintiffs abandoned their claim to represent a nationwide collective in July 2025.

Like Plaintiffs' claims, Cisneroz's and Srinivas's claims are highly individualized. Cisneroz, who worked in Amazon's Fashion and Personalization Organization, alleges that while she was a "non-tech" classified L7 Principal Product Manager, a male colleague on her team was paid more due to his "tech" classified job code, and that her assignment resulted in lower pay and limited career advancement. Dkt. 104-1 ¶¶ 98-103.  By contrast, Srinivas, who worked as a "tech" classified L6 Senior Technical Writer in Amazon Web Services, does not challenge her job code classification. *See id.* ¶¶ 19, 108-15.  Instead, she alleges that a male peer with the *same* job code and level earned more than she did. *Id.* ¶¶ 111-15.

Intervenors recently filed a separate lawsuit based on the same facts alleged and claims raised in their proposed complaint in this case. *See Srinivas v. Amazon, Inc.*, No. 2:26-cv-1199 (W.D. Wash. Apr. 8, 2026), Dkt. 1.

**Legal Standard**

To intervene as of right, a proposed intervenor must show that: (1) the motion is timely; (2) the intervenor has a "significantly protectable interest" relating to the action; (3) "the disposition of the action may impair or impede the [proposed intervenor's] ability to protect that interest"; and (4) the interest is not adequately represented by the parties. *Perry*, 587 F.3d at 950 (citing Fed. R. Civ. P. 24(a)(2)).  "Failure to satisfy any one of the requirements is fatal to the application." *Id.*[1]

As relevant here, a proposed intervenor seeking permissive intervention must demonstrate: (1) "a common question of law or fact"; and (2) that her motion is timely. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citing Fed. R. Civ. P. 24(b)(2)).  "Even if an applicant satisfies

---

[1] Because Intervenors lack any protectable interest, the Court need not address the question of whether their interests are adequately protected.

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

those threshold requirements, the district court has discretion to deny permissive intervention." *Id.* "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

**Argument**

**I.      Intervenors Are Not Entitled To Intervention As Of Right.**

**A.      Intervenors' Motion Is Untimely.**

This Court looks to three factors to determine timeliness: (1) "the stage of the proceeding"; (2) "prejudice to other parties"; and (3) "the reason for and length of the delay." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). "[T]he crucial date in assessing the timeliness of an intervention motion is the date that the applicant should have been aware [her] interest[s] would no longer be protected adequately by the parties." *LULAC v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997) (internal quotation marks omitted).

***Stage of Proceeding.***  Here, Intervenors seek to join the case years into the litigation, years after they first became aware of their claims, and long after they had the opportunity to join the case as opt-ins.  *See* Dkt. 104-1 ¶¶ 99-104 (allegations of underpayment from October 2022 through October 2024), 111-15 (allegations of underpayment beginning in 2013 or 2014).  They did not do so.  Nor did Intervenors take any steps to join the litigation last July when Plaintiffs abandoned their collective-action claim, shutting Intervenors out as potential opt-in plaintiffs and making it more difficult for them to join.  Nor did they appear last November, when Plaintiffs sought to amend the complaint to add additional plaintiffs and classes under additional state laws.  Dkt. 87.  Intervenors' reliance on *Shenzhenshi Haitiecheng Science and Technical Company v. Rearden LLC*, 2016 WL 5930289 (N.D. Cal. Oct. 11, 2016), is thus misplaced.  There, the proposed intervenor "was already a party to the case," having been involved in the litigation for over five months through a stipulation that allowed it to stand in the plaintiff's shoes, which the

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

court described as "not … ordinary." *Id.* at *6. By contrast, after 2.5 years of litigation and nearly 18 months of discovery, this is the first time Amazon has heard about Intervenors' claims.

***Prejudice.*** The prejudice to Plaintiffs and Amazon from allowing Intervenors into this case would be significant. As Intervenors concede, intervention would require restarting discovery on their individual claims. Mot. 6-7. Outten demanded extensive individualized discovery for the current Plaintiffs (*see supra* at 2-3), and would surely do the same for Intervenors, who worked on different teams than Plaintiffs and raise different legal theories. This would derail the case entirely, not get it "back on track." Mot. 6.

In asserting otherwise, Intervenors ignore the individualized nature of their claims and the significant differences between their claims and Plaintiffs'. Although Cisneroz and Srinivas, like Plaintiffs, allege that they were paid less than similarly situated men, the similarities end there. For example, Plaintiffs Wilmuth and Schomer allege they were underpaid because they were placed in a "non-tech" job code. FAC ¶ 21. By contrast, Srinivas alleges that she *was* in a "tech" classified job code—disproving Plaintiffs' and Intervenors' meritless theory that Amazon always assigns women to "non-tech" job codes. *Compare* Dkt. 104-1 ¶¶ 109-14, *with id.* ¶¶ 35-38 *and* Dkt. 94-2 ¶¶ 4, 37. Cisneroz's and Srinivas's claims also involve different organizations, roles, supervisors, direct reports, and alleged comparators.

In arguing that intervention would result in no prejudice, Intervenors rely on inapposite cases where little, if any, new discovery or briefing was required because the intervenors' claims neatly aligned with the existing plaintiffs' individual claims. *See Munoz v. PHH Corp.*, 2013 WL 3935054, at *13 (E.D. Cal. July 29, 2013); *Kamakahi v. Am. Soc'y for Reprod. Med.*, 2015 WL 1926312, at *1 (N.D. Cal. Apr. 27, 2015); *Ruderman ex rel. Schwartz v. Wash. Nat'l Ins. Co.*, 263 F.R.D. 670, 678 (S.D. Fla. 2010).[2] That is not the case here, where the individual discovery to

---

[2] Intervenors also claim that "[i]ntervention will dovetail smoothly with the amended claims" alleged by two New York and California plaintiffs in Plaintiffs' proposed Second Amended Complaint. Mot. 6. Not so. These proposed plaintiffs, like Intervenors, bring claims that turn on individualized facts involving different teams, jobs, and alleged comparators. None overlap with

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

date has focused heavily on Plaintiffs' team and alleged comparators, and would not apply to Intervenors.

**Reasons for Delay.** Intervenors contend their motion is timely because they filed their motion shortly after Plaintiffs terminated Outten's representation. But, as noted, Intervenors have been aware of the facts underlying their claims for years and had multiple opportunities to join the case earlier. Intervenors fail to cite a single case in which a party's change in counsel constituted new circumstances sufficient to excuse a non-party's failure to seek intervention sooner.

Nor would such a rule make sense. Plaintiffs continue to prosecute their putative class claims and continue to be represented by Lenning, who has been involved in the case from the outset. It is thus clear that Intervenors' Motion "was not brought by independent third parties who learned of this lawsuit and filed the motion in an effort to protect their potential interest," but instead was brought by Outten at the 11th hour "in an effort to save [its role in a] purported class action." *Alvarez v. Experian Info. Sols., Inc.*, 758 F. Supp. 3d 60, 92 (E.D.N.Y. 2024).

## B.    Intervenors Lack Any Protectable Interest In This Action.

As noted, Intervenors recently filed their own lawsuit raising individual and putative class claims. That is reason enough to deny intervention here. To join *this* lawsuit, Intervenors need to show something more: namely, a "significant protectable interest" in *this* litigation. A proposed intervenor has a "significant protectable interest" in an active litigation if "(1) [she] asserts an interest that is protected under some law, and (2) there is a 'relationship' between [her] legally protected interest and the plaintiff's claims." *Donnelly*, 159 F.3d at 409. The interest must be "direct, non-contingent, substantial[,] and legally protectable." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002).

Here, Intervenors say they have an interest in "securing a . . . just result for" absent putative class members. Mot. 8. But "[n]o such interest exists under the law, at this pre-certification

Plaintiffs' claims or Intervenors' proposed new claims. As Amazon has previously explained, the Court should deny that pending motion. Dkt. 96. Allowing Intervenors into the case at this late hour would even further complicate, expand, and delay the resolution of this litigation.

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

juncture." *Sheehy v. Intermountain Health Care, Inc.*, 2025 WL 4084903, at *10 (D. Colo. Dec. 29, 2025); *see also McClintic v. Lithia Motors, Inc.*, 2011 WL 13127844, at *7 (W.D. Wash. Oct. 19, 2011) ("The court need not consider the interests of a class that does not exist."). The only "claim in which [each intervenor] has any interest is [her] own personal claim." *Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, at *4 (S.D.N.Y. May 29, 2020).

As for Intervenors' personal claims, those do not justify intervention either, since a class has not been certified. *See Viet Bui v. Sprint Corp.*, 2015 WL 3828424, at *2 (E.D. Cal. June 19, 2015). "[A]ny [individual] interest of the proposed intervenors in this action is contingent on the filing of a motion for class certification and the granting of such motion." *T.C. v. N.Y. State Dep't of Health*, 2024 WL 689503, at *10 (S.D.N.Y. Feb. 20, 2024), *aff'd in part, vacated in part on other grounds, and remanded sub nom.*, 147 F.4th 270 (2d Cir. 2025). Pre-certification, Intervenors' "interests remain too attenuated to justify intervention." *Hayes v. Umpqua Bank*, 2020 WL 8611117, at *3 (D. Or. Aug. 4, 2020), *R&R adopted*, 2021 WL 640900 (D. Or. Feb. 18, 2021); *see also Viet Bui*, 2015 WL 3828424, at *2.

Intervenors' interest is particularly attenuated given the limited overlap between their claims and Plaintiffs' claims. *See supra* at 5-6; *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359-60 (2011); *Mejia v. Time Warner Cable Inc.*, 2017 WL 3278926, at *18 (S.D.N.Y. Aug. 1, 2017) (finding interest "too remote to justify intervention" where intervenors "raise[d] different issues, ha[d] partially non-overlapping class definitions, and w[ould] require different discovery"). For these reasons, this case is unlike *Glass v. UBS Financial Services, Inc.*, 2007 WL 474936, at *2 (N.D. Cal. Jan. 17, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009), where the proposed intervenor was bound by a settlement as a member of a *certified* class but had missed the opt-out deadline.

Intervenors insist Outten would more ably represent the putative class than Bibiyan. But Outten's desire to "control the litigation" based on its disagreement with Plaintiffs' choice of counsel is not a protectable interest that supports intervention. *Calderon*, 2020 WL 2792979, at *5; *see also In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *15 (E.D. Tex. Oct. 21, 2020).

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 8

Intervenors lack any protectable interest in efficiency or avoiding delay in this case. *See Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 343 (E.D.N.Y. 2018) ("[A]s non-parties, proposed intervenors' stated interest in litigation efficiency is not affected by this action," nor is it "the type of interest that warrants intervention."); *Worthington v. Bayer Healthcare LLC*, 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011) ("general and attenuated interest in . . . 'minimizing waste[]' d[id] not rise to the standard of Rule 24(a)(2)"). Even if they had such an interest, injecting two new plaintiffs into this proceeding 2.5 years after it began will *decrease* efficiency, requiring discovery to restart and generating disputes between competing sets of plaintiffs' counsel.

Similarly, Intervenors lack any cognizable interest in protecting Outten's role as putative class counsel. *See Calderon*, 2020 WL 2792979, at *6; *Sheehy*, 2025 WL 4084903, at *10. Intervenors cite no "cases in which a law firm's interest in protecting its role as interim class counsel" has been deemed "the kind of 'direct, significant, legally protectable' interest required to justify intervention as of right." *Askin v. Quaker Oats Co.*, 2011 WL 5008524, at *4 (N.D. Ill. Oct. 20, 2011) (denying intervention as of right and recognizing that "the applicant's interest must be one on which an independent federal suit could be based"); *see also Sheehy*, 2025 WL 4084903, at *11. "Absent a statutory provision to the contrary, putative class representatives do not have the final say as to class counsel, interim or otherwise," and Intervenors cannot force their way into this case based on any such interest "without entirely circumventing the text of Rule 23." *Toyota*, 2020 WL 6161495, at *14 n.18; *see Waudby v. Verizon Wireless Servs., LLC*, 248 F.R.D. 173, 175 (D.N.J. 2008).

Insofar as Intervenors' cases suggest that putative class members have *any* protectable interest pre-certification, those cases involve the intervenors' attempt to cure a threshold problem with the *named plaintiffs*—not to inject ousted counsel back into the case. *See, e.g.*, *Munoz*, 2013 WL 3935054, at *13 (allowing intervention where named plaintiffs lacked standing to bring class claims); *Kamakahi*, 2015 WL 1926312, at *1 (same); *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1160-63 (N.D. Cal. 2009) (named plaintiffs waived right to appeal class-certification denial).

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**C.     Intervenors Can Prevent Any Impairment Of Their Interests By Bringing Their Own Individual Suits.**

Intervenors contend that their interests and those of putative class members will be impaired because Plaintiffs' "new" counsel (Outten's former partner) is not up to the job. Mot. 8-11. But "potential impairment to absent putative class members" does not satisfy "the 'impairment of protectable interest' requirement for purposes of mandatory intervention." *Lee v. Pep Boys-Manny Moe & Jack of Cal.*, 2016 WL 324015, at *4 (N.D. Cal. Jan. 27, 2016); *see also Lindblom v. Santander Consumer USA, Inc*, 2018 WL 3219381, at *6 (E.D. Cal. June 29, 2018) ("[T]he Court does not consider potential prejudice to the absent, putative class members."), *aff'd*, 771 F. App'x 454 (9th Cir. 2019).

Likewise, a non-party's status "as an absent class member, standing alone, does not meet Rule 24(a)'s impairment requirement" before any class has been certified. *Neversink Gen. Store v. Mowi USA, LLC*, 2021 WL 1930320, at *4 (S.D.N.Y. May 13, 2021) (collecting cases). Pre-certification, non-parties have "other means, such as [their] independent lawsuit, to protect [their] interests]." *Garcia v. Stemilt Ag Servs. LLC*, 2022 WL 577664, at *2 (E.D. Wash. Jan. 11, 2022). To the extent Intervenors "see[k] to avoid delay, expense and waste … [they are] not required to participate in" this action. *Worthington*, 2011 WL 6303999, at *8.

After all, unlike in Intervenors' authorities, at this stage, "any decision of this Court, … would only be binding as to the [named] plaintiffs in their individual capacities." *Authors Guild v. Open AI, Inc.*, 345 F.R.D. 585, 590-91 (S.D.N.Y. 2024); *cf. Glass*, 2007 WL 474936, at *3 (finding impairment of interest *post*-certification and after opt-out deadline had passed); *Ruderman*, 263 F.R.D. at 678 (finding interest impaired where lawsuit concerned *identical* property, transaction, and contract, such that interpretation of contract could have rendered intervenor's own lawsuit futile). Intervenors' "apparent preference to have [their] own attorneys lead the charge" in *Plaintiffs'* lawsuit does not amount to "an impairment of a legally protectable interest." *Sheehy*, 2025 WL 4084903, at *11.

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Intervenors identify no obstacles to litigating their own suit through the counsel (and experts) of their choosing—indeed, they filed their own lawsuit on April 8. Their reliance on *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989) and *Munoz*, 2013 WL 3935054, at *12—cases in which intervention was the only means of litigating intervenors' claims—is thus misplaced. And, neither a grant nor denial of class certification in this case will pose any obstacle to Intervenors' pursuit of their individual claims. *See Hayes*, 2020 WL 8611117, at *4; *Travis*, 284 F. Supp. 3d at 344-45 ("[I]f the Court were to certify a class in this action that includes proposed intervenors and their putative class, their rights would be deemed protected, and not impaired. … [I]f the Court were to decline to certify a class in this action, proposed intervenors' rights would not be impaired because, again, they would still be able to litigate their claims in the[ir separate] action"). The "[m]ere inconvenience to the [intervenor] caused by requiring him to litigate separately is not the sort of adverse practical effect contemplated by Rule 24(a)(2)." *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977).

## II.   The Court Should Deny Intervenors' Request For Permissive Intervention.

"Ninth Circuit courts regularly deny requests for permissive intervention based on the movant's inability to satisfy the requirements of Rule 24(a)[] for intervention as a matter of right." *N. Fork Rancheria of Mono Indians v. California*, 2016 WL 3519245, at *6 (E.D. Cal. June 27, 2016) (collecting cases). The Court should do so here.

Moreover, timeliness is construed "more strictly" for permissive intervention than for intervention as of right. *LULAC*, 131 F.3d at 1308. Intervenors' cited cases finding permissive intervention timely are inapposite because those courts allowed intervention only after identifying a gap in class representation. *See Rollins v. Dignity Health*, 2020 WL 13220648, at *1 (N.D. Cal. Nov. 2, 2020) ("the Court only recently raised with the parties" a conflict of interest requiring intervention); *Kamakahi*, 2015 WL 1926312, at *1 (allowing subclass representative to intervene shortly after court indicated named plaintiffs lacked standing to bring subclass claims). Intervenors identify nothing similar here. Unlike in *Rollins* and *Kamakahi*, the Court has made no

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

class-certification ruling or otherwise suggested that other class representatives are necessary to cure some defect in Plaintiffs' ability to represent the class.

Intervenors also fail to demonstrate common questions of law and fact. As explained above, *supra* at 5-6, 7-8, although they also bring federal EPA and Washington EPOA claims, those claims are *not* "rooted in the same exact facts and law as the *Wilmuth* Plaintiffs' class claims." Mot. 11.

Finally, as discussed *supra* at 5-7, intervention will cause significant delays in the resolution of this case and will prejudice Amazon and Plaintiffs (and, indeed, the putative class in the unlikely event a class is ever certified). Discovery already has been extended once, a motion for leave to permit two additional state-law classes and plaintiffs is pending, and Intervenors' new, individualized claims would unnecessarily "expand the scope of" the litigation. *Lee*, 2016 WL 324015, at *7. Absent intervention, depositions will likely begin in June and thousands of documents and data already have been exchanged. Had Intervenors opted in or "moved to intervene earlier, the motion practice and discovery taken to date would already have included" their claims. *Id.* If intervention were allowed now, however, it would create a case within a case that will have to start from the beginning, including pleadings challenges and discovery concerning Intervenors' individual claims. For example, Amazon will be forced to "track down the proposed intervenors' managers," colleagues, and alleged comparators. *Harris v. Vector Mktg. Corp.*, 2010 WL 3743532, at *5-6 (N.D. Cal. Sept. 17, 2010). That would divert party resources from ongoing workstreams and jeopardize the current case schedule.

## Conclusion

For these reasons, the Court should deny the motion to intervene.

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**Local Civil Rule 7(e)(6) Certification**

I certify that this memorandum contains 4,198 words, in compliance with the Local Civil Rules.

DATED: April 16, 2026

By: */s/ Andrew E. Moriarty*

Andrew E. Moriarty, Bar No. 28651
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
AMoriarty@perkinscoie.com

Jason C. Schwartz (*pro hac vice*)
Molly T. Senger (*pro hac vice*)
Matt Gregory (*pro hac vice*)
Alex Bruhn (*pro hac vice*)
**Gibson, Dunn & Crutcher LLP**
1700 M Street, N.W.
Washington, D.C. 20036-5306
Telephone: +1.202.955.8500
Facsimile: +1.202.467.0539
JSchwartz@gibsondunn.com
MSenger@gibsondunn.com
MGregory@gibsondunn.com
ABruhn@gibsondunn.com

Lauren Blas (*pro hac vice*)
**Gibson, Dunn & Crutcher LLP**
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: +1.213.229.7000
Facsimile: +1.213.229.7520
LBlas@gibsondunn.com

*Attorneys for Defendant Amazon.com, Inc.*

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**Certificate Of Service**

I certify under penalty of perjury that on April 16, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice.


/s/ Andrew E. Moriarty

DEFENDANT'S OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO INTERVENE - (Case No.
23-CV-1774) - 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000