THE HONORABLE JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

CAROLINE WILMUTH, KATHERINE SCHOMER, and ERIN COMBS, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.com, Inc.,

Defendant.

Case No. 2:23-cv-01774-JNW

**JOINT STATUS REPORT**

Pursuant to the Court's April 10, 2026 Order, the parties in *Wilmuth v. Amazon.com, Inc.*, No. 2:23-cv-1774-JNW ("*Wilmuth*"), and *Srinivas v. Amazon.com, Inc.*, No. 2:26-cv-1199-JNW ("*Srinivas*"), submit this joint status report:

JOINT STATUS REPORT
2:23-CV-01774-JNW

## I. *Srinivas* Plaintiffs, *Wilmuth* Proposed Plaintiff, and *Wilmuth* Proposed Intervenors

**Procedural Overview**.  *Wilmuth* and *Srinivas* are virtually identical gender discrimination class actions.  The *Wilmuth* Plaintiffs, represented solely by Outten & Golden during 2023 to March 2026, switched to the Bibiyan Law Group ("Bibiyan") following Outten & Golden attorney Cassandra Lenning's move to Bibiyan.[1]  Mss. Taylor and Cordova seek to join *Wilmuth* asserting California and New York class claims by amendment, Dkt. Nos. 87 & 88-2.  Mss. Srinivas and Cisneroz ("*Srinivas* Plaintiffs," represented by Outten & Golden) seek intervention in *Wilmuth*, to ensure continuity of counsel and guarantee the Washington Class Members the benefit of counsel's leadership of *Wilmuth* over the years and to protect the statute of limitations for Washington Class Members.  They also filed *Srinivas* to buttress their party status and seek consolidation with *Wilmuth*.

After the *Wilmuth* counsel change, then-active discovery conferrals—regarding, e.g., ESI searches (i.e., identifying and negotiating custodians, search periods, and search process), internal discrimination complaint searches, other document searches, and interrogatory responses—paused.  This is natural, since any change of counsel necessitates a pause while old and new counsel walk through strategy and tactics together.  The fact that this is a class action adds a wrinkle.  Outten & Golden has functionally acted as interim class counsel for 2.5 years and intends to play that same role going forward (via *Srinivas* and possible amendment and intervention), as it is best positioned to represent the classes given its role in developing and prosecuting the claims to date.  *Wilmuth* Counsel, Bibiyan, has picked up the negotiations with Amazon (including scheduling depositions) but has declined to include or strategize with Outten & Golden for these sensitive, impactful negotiations.[2]

**Case Schedule**.  *Srinivas* Plaintiffs propose that the Court pause discovery and toll the August 15 *Wilmuth* discovery deadline while it decides the overlapping structure motions (amendment, intervention, consolidation, 23(g)) to achieve efficiency and order.  Breathing

---

[1]  Outten & Golden's motion to withdraw as counsel remains pending.  Dkt. No. 102.
[2]  The *Wilmuth* Plaintiffs' allegations below are false and irrelevant to the issues here.

JOINT STATUS REPORT - 1
2:23-CV-01774-JNW

space in the schedule will allow the Court to resolve these fundamental questions and ensure that all counsel representing proposed classes can *together* complete case conferrals and move the litigation forward.  Exclusion of potential class counsel is significantly prejudicing the *Srinivas/Wilmuth* Class Members by removing the attorneys most knowledgeable about the issues and introducing uncertainty.  If Amazon seeks a stay, it can bring a motion; it can also enunciate a full argument in its consolidation opposition due April 28, per LR 7(3).  Courts routinely prefer consolidation to stays.  *See Srinivas* Dkt. No. 15 at 4-5.

**Case Coordination**.  *Srinivas* Plaintiffs request that the Court direct all parties to include each other in communications regarding either case.  *Srinivas* Counsel have repeatedly sought to collaborate with *Wilmuth* Counsel to prevent the harms listed above—including via a co-counsel arrangement, joint prosecution agreement, or even informal collaboration—but *Wilmuth* Counsel has declined to strategize or discuss conferrals, citing the *Wilmuth* protective order, Dkt. No. 55. The protective order does not preclude discovery conferrals or strategy coordination.[3] *Srinivas* Plaintiffs have informed Amazon that agreements reached without their counsel will not bind them.  Further, in light of the significant discovery overlap between the three states' class claims, discovery decisions made now could significantly affect all three classes.  Excluding counsel for these proposed classes further prejudices them and introduces inefficiency.  Amazon's misrepresentation of the *Wilmuth* theory evidences no "contradict[ion]," but it also demonstrates the value of consolidation to ensure that the parties engage with each other.  Separation of plaintiffs creates room for the defendant to exploit any misalignment.  Intervention and consolidation will solve these issues.

In short, lack of coordination is prejudicing the Washington Class Members, but the Court can readily address this by requiring collaboration now, briefly pausing discovery, ruling on the pending structural motions, and setting a May 1 deadline for a Rule 23(g) motion.

---

[3]  A sequestration order would require a motion, plus this is a nonissue, as the *Srinivas* parties should agree to the *Wilmuth* protective order.  O&G continues to safeguard all material.  Review of some limited material may be necessary in responding to arguments in the briefing.

JOINT STATUS REPORT - 2
2:23-CV-01774-JNW

## II.    *Wilmuth* Plaintiffs

Caroline Wilmuth, Katherine Schomer, and Erin Combs have served as the named plaintiffs and putative class representatives since this action was filed in November 2023.  Ms. Lenning has represented Plaintiffs longer than any other attorney involved in the matter.  After Ms. Lenning resigned her employment with Outten & Golden ("O&G"), the firm took a series of actions that caused Plaintiffs to lose trust in their representation, including *inter alia* delaying joint notice to Plaintiffs of Ms. Lenning's departure, entering a notice of appearance on behalf of new local counsel against Plaintiffs' express directives, and locking Ms. Lenning (a then-current O&G partner) out of their case files immediately after Plaintiffs communicated their desire for Ms. Lenning to continue representing them.  These actions were consistent with assertions O&G made after Ms. Lenning's resignation that O&G "owned" the class claims, and if Ms. Lenning or Plaintiffs tried to "take" the class case, O&G would pursue litigation.  On March 16, 2026, Plaintiffs terminated O&G for cause after determining the firm was not acting in their best interests or the best interests of the putative class they represent.  Plaintiffs subsequently retained Ms. Lenning's new firm, Bibiyan Law Group ("BLG"), thus ensuring continuity of counsel, while also inviting O&G to engage in co-counseling discussions and prosecute the action alongside BLG.  As more fully detailed in Plaintiffs Opposition to Intervenors' Motion, Dkt. Nos. 125-130, however, O&G's post-termination actions have raised serious ethical concerns for Plaintiffs, including potential violations of RPC 1.4, 7.3, 1.16, and 1.9(a).  For these reasons, Plaintiffs oppose intervention, consolidation, and O&G's appointment as interim class counsel.

On April 17, 2026, Caitlin Cordova, the proposed plaintiff asserting New York class claims, which are the subject of a pending Motion to Amend (Dkt. Nos. 87-88), informed Plaintiffs' counsel that she also had terminated O&G's representation.  Ms. Cordova has contacted Ms. Lenning to request representation, although as of 12pm PT on April 17, 2026, Ms. Cordova has not entered into a retainer agreement with BLG.  Plaintiffs reserve all rights with respect to the Motion to Amend.

*Srinivas* plaintiffs assert this case is suddenly stalled and discovery conferrals have been

JOINT STATUS REPORT - 3
2:23-CV-01774-JNW

paused due to the change in counsel.  But Amazon and BLG have continued to meet and confer, and exchange discovery correspondence.  *Srinivas* Counsel also claim they have "repeatedly sought" a "co-counsel arrangement, joint prosecution agreement, or even informal collaboration" with Plaintiffs, "but *Wilmuth* Counsel has declined."  This is false.  Despite O&G recognizing "coordination between the firms . . . is vital," as recently as earlier this week, the firm rejected BLG's co-counseling and joint prosecution proposal due to "distance" on "the fee aspect."  Absent such an agreement, Plaintiffs are limited by the terms of the Protective Order.  Dkt. No. 55.  Amazon has designated much of the communications, documents, and data produced to date as "Confidential" or "Attorneys Eyes Only," and such materials may only be disclosed to "the receiving party's counsel of record."  *Id.*  Although their status may change at some point in the future, *Srinivas* counsel is not "counsel of record" for any party currently in this case.

Ironically, *Srinivas* counsel asserted in their Motion to Intervene that "Intervention will not cause delay," and will in fact stop the "certainty of delay caused by new counsel."  Dkt. No. 103 at 6, 10; *see also id.* at 7 ("intervention is the only hope for keeping the schedule on track and avoiding the delay inherent in new lawyers catching up after years of litigation.").  Yet, *Srinivas* counsel now propose the Court pause discovery and toll the deadline pending the outcome of four separate motions (amendment, intervention, consolidation, Rule 23(g)), only one of which is fully briefed, and the last of which is not even ripe to be filed since *Srinivas* counsel does not represent any party currently in the case.  The delay *Srinivas* counsel propose is not "mild," and neither is the prejudice to Plaintiffs if the Court admits and then appoints as class counsel the firm they terminated for cause based on serious ethical concerns (after the firm acted contrary to client directives, took positions adverse to their former clients, and created a conflict by putting its own interests above those of the putative class it seeks to represent).  While the parties may end up needing some extension of the discovery schedule, Plaintiffs oppose tolling the deadline until the Court rules on each of *Srinivas*' current and anticipated motions.

JOINT STATUS REPORT - 4
2:23-CV-01774-JNW

### III.   Amazon

Outten & Golden's efforts to overturn the *Wilmuth* Plaintiffs' choice of counsel risks dragging the *Wilmuth* litigation into procedural quicksand.  Amazon proposes next steps below.

***Motion for Leave to Amend.***  In November 2025, Plaintiffs filed a motion to amend the Complaint to add two additional plaintiffs (Terisha Taylor and Caitlin Cordova) and putative class claims under California and New York law.  *See* Dkt. No. 87.  The Court has not granted them permission to join the case, so they stand in the same procedural shoes as the *Srinivas* Plaintiffs— they are non-parties.  For the reasons given in Amazon's opposition, Dkt. No. 96, the Court should deny the motion to amend.  The newly surfaced disputes between Outten and Bibiyan, including Cordova's apparent termination of Outten's representation, make clear that the two firms are unable to agree on a way to advance the case and are further reason to deny the motion to amend.

***Motion to Intervene.***  Outten also has filed a motion to intervene on behalf of the *Srinivas* Plaintiffs.  Dkt. No. 103.  The Court should deny that motion for the reasons explained in Amazon's opposition.  Dkt. No. 123.  In this status report (though not in their motion to intervene), the *Srinivas* Plaintiffs argue intervention is necessary to protect the statute of limitations for putative class members.  That is incorrect.  The *Wilmuth* Plaintiffs continue to pursue claims on behalf of the putative Washington class, and if the Court denies class certification, *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359-60 (2011), putative class members with individual claims would get the benefit of tolling.  *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553-54 (1974).

***Motion to Consolidate.***  Outten also has filed a separate putative class action on behalf of the *Srinivas* Plaintiffs and has moved to consolidate that case with *Wilmuth*.  *See Srinivas*, No. 26-cv-1199, Dkt. No. 50.  Amazon will oppose consolidation.  Contrary to Outten's representations, these lawsuits are not "virtually identical."  Both sets of Plaintiffs bring highly individualized claims.  *See* Dkt. No. 123.  Indeed, Srinivas's allegation that she held a role with a "tech" job code contradicts the *Wilmuth* Plaintiffs' claim that Amazon refuses to assign women to "tech" job codes. Dkt. No. 104-1 ¶¶ 98-103.  Moreover, the *Wilmuth* action is years ahead of the *Srinivas* action; discovery in *Wilmuth* has been ongoing since February 2024.  Insofar as the class claims overlap,

JOINT STATUS REPORT - 5
2:23-CV-01774-JNW

the Court should stay the *Srinivas* class claims.  *See Sanchez v. Vail Resorts Mgm't Co.*, 2026 WL 788132, at *3 (E.D. Cal. Mar. 20, 2026) (staying putative class action under the first-to-file rule).

*Next Steps.*  To ensure both cases are managed efficiently, Amazon proposes the following: *First*, the Court should stay *Srinivas* until the Court rules on the *Srinivas* Plaintiffs' pending motion to intervene in *Wilmuth*.  If the Court grants intervention, Amazon expects the *Srinivas* Plaintiffs to dismiss their separate action.  If the Court denies intervention in *Wilmuth*, the parties can brief the *Srinivas* Plaintiffs' motion to consolidate.

*Second*, the Court's decisions in *Wilmuth* on (1) Taylor and Cordova's motion for leave to amend and (2) the *Srinivas* Plaintiffs' motion to intervene will dictate the discovery schedule.  If the Court denies both motions, there is no need to adjust the schedule.  In the meantime, discovery in *Wilmuth* should move forward, particularly as to the *Wilmuth* Plaintiffs' individual claims.

*Third*, if the Court grants the *Srinivas* Plaintiffs' motion to intervene or motion to consolidate, it should pause class discovery in both cases pending the appointment of interim class counsel.  Otherwise, Amazon will be forced to respond to discovery demands and motions from competing plaintiffs' firms, which will further complicate and slow the case.[4]

*Fourth*, the Court should reject Outten's request to participate in discovery in *Wilmuth* and to review Amazon's highly confidential information until the Court rules on the motion to amend and motion to intervene. Outten does not currently represent any party in *Wilmuth*, Amazon was not even served in *Srinivas* until yesterday, Amazon therefore has not yet responded to the *Srinivas* Complaint, and the cases have not been consolidated.  Outten's request to proceed as though none of that matters is a thinly-veiled attempt to end-run rulings on the pending motions.  The Court should order Outten to sequester any confidential *Wilmuth* discovery materials until the Court rules on the pending motions.  The Protective Order in *Wilmuth* makes clear that non-parties cannot access materials that have been designated as "Confidential" and Outten currently only represents non-parties in this case.  Dkt. No. 55.

---

[4] Amazon reserves rights to move to dismiss or otherwise respond to the *Srinivas* Plaintiffs/Intervenors' claims as well as any claims by Taylor and Cordova if they are permitted to join the case.

JOINT STATUS REPORT - 6
2:23-CV-01774-JNW

Date: April 17, 2026                                    Respectfully submitted,


/s/ *Cassandra Lenning*                                 OUTTEN & GOLDEN LLP
Cassandra Lenning (WSBA #54336)
David Bibiyan*                                          By:    /s/ *Jahan C. Sagafi*
Bevin Pike*                                                    Jahan C. Sagafi*
Trisha Monesi Anderson*                                        Hannah C. Meropol*
Ben Walden*                                                    Sophia Jane Balkoski**
Madison Gunning*                                               1999 Harrison Street, Suite 1500
**BIBIYAN LAW GROUP, P.C.**                                    Oakland, CA 94612
1460 Westwood Blvd.                                            Telephone: (415) 638-8800
Los Angeles, CA 90024                                          jsagafi@outtengolden.com
Telephone: (310) 438-5555                                      hmeropol@outtengolden.com
Email: clenning@tomorrowlaw.com                                jbalkoski@outtengolden.com
        david@tomorrowlaw.com
         bpike@tomorrowlaw.com                                 Adam T. Klein*
         tmonesi@tomorrowlaw.com                               Cara E. Greene*
         bwalden@tomorrowlaw.com                               Michael C. Danna*
         mgunning@tomorrowlaw.com                              Zarka S. Dsouza**
                                                               685 3rd Avenue, 25th Floor
*Attorneys for Plaintiffs*                                     New York, NY 10017
* admitted *pro hac vice*                                      Telephone: (212) 209-0675
                                                               aklein@outtengolden.com
By: /s/ *Andrew E. Moriarty*                                   cgreene@outtengolden.com
Andrew E. Moriarty, WSBA # 28651                               mdanna@outtengolden.com
**Perkins Coie LLP**                                           zdsouza@outtengolden.com
1301 2nd Ave. Ste. 4200
Seattle, Washington 98101                                      Jenny Yang**
Telephone: +1.206.359.8000                                     Jennifer Davidson*
Facsimile: +1.206.359.9000                                     Jon Ostrowsky*
AMoriarty@perkinscoie.com                                      1225 New York Ave NW, Suite
                                                               1200B
Jason C. Schwartz (*pro hac vice*)                             Washington, DC 20005
Molly T. Senger (*pro hac vice*)                               Telephone: (202) 918-5476
Matt Gregory (*pro hac vice*)                                  jyang@outtengolden.com
Alex Bruhn (*pro hac vice*)                                    jdavidson@outtengolden.com
**Gibson, Dunn & Crutcher LLP**                                jostrowsky@outtengolden.com
1700 M St. N.W.
Washington, D.C. 20036                                  FRANK FREED SUBIT & THOMAS LLP
Telephone: +1.202.955.8500
Facsimile: +1.202.467.0539                              By:    /s/ *Michael C. Subit*
JSchwartz@gibsondunn.com                                       Michael C. Subit, WSBA No. 29189
MSenger@gibsondunn.com                                         msubit@frankfreed.com
MGregory@gibsondunn.com                                        705 Second Avenue, Suite 1200
ABruhn@gibsondunn.com                                          Seattle, Washington 98104
                                                               Telephone: (206) 682-6711

JOINT STATUS REPORT - 7
2:23-CV-01774-JNW

Lauren Blas (*pro hac vice*)
**Gibson, Dunn & Crutcher LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: +1.213.229.3800
Facsimile: +1.949.451.4220
LBlas@gibsondunn.com

*Attorneys for Defendant Amazon.com, Inc.*

Facsimile: (206) 682-0401

EQUAL RIGHTS ADVOCATES

Noreen Farrell*
Catherine Bendor*
Cassidy Clark*
611 Mission St, 4th Floor
San Francisco, CA 94105
Mailing: 150 Sutter St, P.O. Box #87
San Francisco, CA 94104
Telephone: (415) 471-1470
nfarrell@equalrights.org
cbendor@equalrights.org
cclark@equalrights.org

*admitted pro hac vice
**pro hac vice forthcoming

*Attorneys for Plaintiff-Intervenors, Srinivas Plaintiffs, and the Proposed Class*

JOINT STATUS REPORT - 8
2:23-CV-01774-JNW