THE HONORABLE JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CAROLINE WILMUTH, KATHERINE SCHOMER, and ERIN COMBS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.com, Inc.,<br><br>Defendant. | Case No. 2:23-cv-01774-JNW<br><br>**DECLARATION OF CASSANDRA W. LENNING IN SUPPORT OF MOTION TO QUASH THIRD-PARTY SUBPOENAS AND FOR PROTECTIVE ORDER** |

I, Cassandra W. Lenning, declare as follows:

1. I am a Senior Managing Attorney at Bibiyan Law Group, P.C. ("BLG"), a member in good standing of the Washington State Bar, and counsel for Plaintiff in the above-captioned case. I am competent to testify to the following facts which are within my personal knowledge.

2. I am making this declaration in support of Plaintiff's Motion to Quash Third-Party Subpoenas and for Protective Order.

3. On October 15, 2026, Plaintiffs' counsel sent Defendant a letter objecting to Amazon's proposed third-party subpoenas to Plaintiffs' pre-Amazon and post-Amazon employers, and requesting Defendant voluntarily withdraw the proposed subpoenas.

4. Defense counsel responded via letter on October 22, 2026, and refused to



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 Fifth Ave., 42nd Floor
Seattle, WA 98104-5119
Telephone: (206) 225-2043

withdraw the third-party employer subpoenas.

5. On October 22, 2026, counsel for the parties met and conferred via videoconference. I attended for Plaintiffs, along with my colleague, Scott J. Aldworth, and Zarka Dsouza from Outten & Golden LLP. In attendance for Defendant was Carrie Akinaka from Ashurst Perkins Coie, Lizzy Brilliant and Naima Farrell from Gibson Dunn.

6. During the October 22, 2026, meet and confer, I attempted to convince Defendant to withdraw or narrow the subpoenas (or at least delay serving them while the parties continued to explore alternative means), and made affirmative suggestions for compromise that would satisfy Defendant's legitimate discovery interests (for example, confirming that Plaintiffs will continue to produce all documents reflecting their post-Amazon mitigation efforts and earned compensation).

7. Nevertheless, Defendant served the first batch of Third-Party Employer subpoenas to Plaintiffs' pre-Amazon employers (American Express Company; Lyft, Inc.; Starbucks Corporation) on October 15, 2026, directing them to produce documents on October 26, 2026.

8. The following day (October 16, 2026), Defendant served the subpoenas on the Plaintiffs' post-Amazon Consulting Firms, directing them to produce documents on October 26, 2026.

9. On October 23, 2026, Defendant served the remaining subpoenas to Plaintiffs' post-Amazon employers (Daniel J. Edelman Holdings, Inc.; PRR, Inc.; Wizards of the Coast LLC; and Holistic AI), directing them to produce documents on November 2, 2026.

10. Attached hereto as **EXHIBIT 1** are true and correct copies of the subpoenas to Third-Party Employers American Express Company, Lyft, Inc., Starbucks Corporation, Daniel J.



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 Fifth Ave., 42nd Floor
Seattle, WA 98104-5119
Telephone: (206) 225-2043

Edelman Holdings, Inc., PRR, Inc., Wizards of the Coast LLC, and Holistic AI.

11. Attached hereto as **EXHIBIT 2** are true and correct copies of the subpoenas to the Consulting Firms Canary Research & Strategy, LLC and Artio Strategies LLC, founded by Plaintiffs Wilmuth and Combs, respectively, following the end of their employment with Amazon.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed this 27th day of October 2026, at Seattle, Washington.

*/s/ Cassandra W. Lenning*
Cassandra W. Lenning, WSBA No. 54336



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 Fifth Ave., 42nd Floor
Seattle, WA 98104-5119
Telephone: (206) 225-2043

# EXHIBIT

# 1

**Wilmuth, et al. v. Amazon.com, Inc.**

U.S. District Court for the Western District of Washington

Case No. 2:23-cv-01774-JNW

**DECLARATION OF CASSANDRA W. LENNING RE PLAINTIFF'S MOTION TO QUASH THIRD-PARTY SUBPOENAS AND FOR PROTECTIVE ORDER**

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| CAROLINE WILMUTH, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 23-cv-01774-JNW |
| AMAZON.com, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: American Express Company

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached, Appendix A.

| Place: Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste 4200, Seattle, WA 98101 or via email/file transfer to Andrew.Moriarty@ashurstperkins.com and Carrie.Akinaka@ashurstperkins.com | Date and Time: 10/26/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/15/2026

*CLERK OF COURT*

OR

s/ Carrie Akinaka

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AMAZON.com, Inc. , who issues or requests this subpoena, are:

Andrew Moriarty, Carrie Akinaka, Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste. 4200, Seattle, Washington 98101; Andrew.Moriarty@ashurstperkins.com, Carrie.Akinaka@ashurstperkins.com; 206-359-8000

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-01774-JNW

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**APPENDIX A**

**DEFINITIONS AND INSTRUCTIONS**

1. "Person" shall include any natural person, custodian of records, firm, association, partnership, joint venture, corporation, related or associated company, trust, government entity, or other form of legal entity.

2. The term "document" shall be understood to apply to any record or communication (including any electronically stored information) that would be a document within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

3. "American Express" shall refer to American Express Company or any of its affiliates, subsidiaries, parents, successors, or predecessors.

4. The terms "you" or "your" shall refer to American Express, your officers, employees, counsel, consultants, experts, investigators, agents, or other persons acting on your behalf.

5. As used herein, "concerning" means relating to, describing, evidencing, supporting, refuting, or discussing.

6. This request for documents is addressed to American Express, your officers, employees, agents, attorneys, parents, subsidiaries, or affiliates. If the requested documents are known by you to exist, but are not in your possession, custody, or control, or the possession, custody, or control of your officers, employees, agents, or attorneys, it is requested that you so indicate or produce documents that show the name of the person or entity whose custody such documents presently reside.

7. If any document responsive to this request has been lost, mutilated or destroyed, so state and identify each such document.

8. This document request shall be continuing so as to require you to supplement your response(s) when and if you obtain any further documentation subsequent to the service of your response(s).

9. In construing this request: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of this request all documents that might otherwise be construed outside its scope; (iv) the present tense of the verb shall include its past tense and vice versa; and (v) "including" shall mean "including, without limitation," and shall be construed expansively and not as a limitation of the request or definition.

## DOCUMENT REQUESTS

1. Any and all documents concerning the application for employment and hiring of Caroline Wilmuth ("Wilmuth") by American Express, including:

a) Any documents completed or submitted by Wilmuth in connection with seeking employment with American Express, including any employment applications or resumes, or any pre-employment or pre-engagement documents completed by Wilmuth;

b) Any documents concerning American Express's decision to hire, accept, or reject Wilmuth's employment application, including interview notes, interviewer feedback, and offer letters;

c) Any documents concerning any position or engagement, including the duties and responsibilities associated with that position or engagement, offered to Wilmuth;

d) Any documents constituting Wilmuth's acceptance or rejection of any offer of employment made by American Express;

e) Any employment contracts or agreements provided to Wilmuth or completed or submitted by Wilmuth relating to her employment with American Express; and

f) Any contracts or agreements between Wilmuth and American Express or any of its officers, directors, agents or employees.

2. Documents sufficient to demonstrate the terms and conditions of Wilmuth's employment with American Express, including documents sufficient to demonstrate the duties and responsibilities associated with the positions Wilmuth occupied.

3. Documents sufficient to demonstrate any financial compensation or benefits received by and/or offered to Wilmuth by American Express or arising out of her employment or engagement with American Express, including salary, commissions, bonuses, incentive awards, stock or equity awards, workers' compensation, disability payments, severance pay, or any other form of compensation.

4. Any and all documents concerning Wilmuth's performance at American Express, including formal performance reviews, warnings, disciplinary actions, or similar documentation related to any performance issues or misconduct by Wilmuth.

5. Any and all documents concerning Wilmuth's separation from American Express, including, if applicable, termination notices, resignation letters, and severance or separation agreements.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| CAROLINE WILMUTH, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 23-cv-01774-JNW |
| AMAZON.com, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Lyft, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached, Appendix A.

| Place: Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste 4200, Seattle, WA 98101 or via email/file transfer to Andrew.Moriarty@ashurstperkins.com and Carrie.Akinaka@ashurstperkins.com | Date and Time: 10/26/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/15/2026

*CLERK OF COURT*

OR

s/ Carrie Akinaka

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AMAZON.com, Inc. , who issues or requests this subpoena, are:

Andrew Moriarty, Carrie Akinaka, Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste. 4200, Seattle, Washington 98101; Andrew.Moriarty@ashurstperkins.com, Carrie.Akinaka@ashurstperkins.com; 206-359-8000

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-01774-JNW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**APPENDIX A**

**DEFINITIONS AND INSTRUCTIONS**

1. "Person" shall include any natural person, custodian of records, firm, association, partnership, joint venture, corporation, related or associated company, trust, government entity, or other form of legal entity.

2. The term "document" shall be understood to apply to any record or communication (including any electronically stored information) that would be a document within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

3. "Lyft" shall refer to Lyft, Inc. or any of its affiliates, subsidiaries, parents, successors, or predecessors.

4. The terms "you" or "your" shall refer to Lyft, your officers, employees, counsel, consultants, experts, investigators, agents, or other persons acting on your behalf.

5. As used herein, "concerning" means relating to, describing, evidencing, supporting, refuting, or discussing.

6. This request for documents is addressed to Lyft, your officers, employees, agents, attorneys, parents, subsidiaries, or affiliates. If the requested documents are known by you to exist, but are not in your possession, custody, or control, or the possession, custody, or control of your officers, employees, agents, or attorneys, it is requested that you so indicate or produce documents that show the name of the person or entity whose custody such documents presently reside.

7. If any document responsive to this request has been lost, mutilated or destroyed, so state and identify each such document.

8. This document request shall be continuing so as to require you to supplement your response(s) when and if you obtain any further documentation subsequent to the service of your response(s).

9. In construing this request: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of this request all documents that might otherwise be construed outside its scope; (iv) the present tense of the verb shall include its past tense and vice versa; and (v) "including" shall mean "including, without limitation," and shall be construed expansively and not as a limitation of the request or definition.

## DOCUMENT REQUESTS

1. Any and all documents concerning the application for employment and hiring of Erin Combs ("Combs") by Lyft, including:

a) Any documents completed or submitted by Combs in connection with seeking employment with Lyft, including any employment applications or resumes, or any pre-employment or pre-engagement documents completed by Combs;

b) Any documents concerning Lyft's decision to hire, accept, or reject Lyft's employment application, including interview notes, interviewer feedback, and offer letters;

c) Any documents concerning any position or engagement, including the duties and responsibilities associated with that position or engagement, offered to Combs;

d) Any documents constituting Combs's acceptance or rejection of any offer of employment made by Lyft;

e) Any employment contracts or agreements provided to Combs or completed or submitted by Combs relating to her employment with Lyft; and

f) Any contracts or agreements between Combs and Lyft or any of its officers, directors, agents or employees.

2. Documents sufficient to demonstrate the terms and conditions of Combs's employment with Lyft, including documents sufficient to demonstrate the duties and responsibilities associated with the positions Combs occupied.

3. Documents sufficient to demonstrate any financial compensation or benefits received by and/or offered to Combs by Lyft or arising out of her employment or engagement with Lyft, including salary, commissions, bonuses, incentive awards, stock or equity awards, workers' compensation, disability payments, severance pay, or any other form of compensation.

4. Any and all documents concerning Combs's performance at Lyft, including formal performance reviews, warnings, disciplinary actions, or similar documentation related to any performance issues or misconduct by Combs.

5. Any and all documents concerning Combs's separation from Lyft, including, if applicable, termination notices, resignation letters, and severance or separation agreements.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| CAROLINE WILMUTH, et al. *Plaintiff* v. AMAZON.com, Inc. *Defendant* | ) ) ) ) ) ) | Civil Action No. 23-cv-01774-JNW |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Starbucks Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached, Appendix A.

| Place: | Date and Time: |
|---|---|
| Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste 4200, Seattle, WA 98101 or via email/file transfer to Andrew.Moriarty@ashurstperkins.com and Carrie.Akinaka@ashurstperkins.com | 10/26/2026 5:00 pm |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/15/2026

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

s/ Carrie Akinaka

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AMAZON.com, Inc. , who issues or requests this subpoena, are:

Andrew Moriarty, Carrie Akinaka, Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste. 4200, Seattle, Washington 98101; Andrew.Moriarty@ashurstperkins.com, Carrie.Akinaka@ashurstperkins.com; 206-359-8000

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-01774-JNW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

______________________________________________________________________

______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

1. "Person" shall include any natural person, custodian of records, firm, association, partnership, joint venture, corporation, related or associated company, trust, government entity, or other form of legal entity.

2. The term "document" shall be understood to apply to any record or communication (including any electronically stored information) that would be a document within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

3. "Starbucks" shall refer to Starbucks or any of its affiliates, subsidiaries, parents, successors, or predecessors.

4. The terms "you" or "your" shall refer to Starbucks, your officers, employees, counsel, consultants, experts, investigators, agents, or other persons acting on your behalf.

5. As used herein, "concerning" means relating to, describing, evidencing, supporting, refuting, or discussing.

6. This request for documents is addressed to Starbucks, your officers, employees, agents, attorneys, parents, subsidiaries, or affiliates. If the requested documents are known by you to exist, but are not in your possession, custody, or control, or the possession, custody, or control of your officers, employees, agents, or attorneys, it is requested that you so indicate or produce documents that show the name of the person or entity whose custody such documents presently reside.

7. If any document responsive to this request has been lost, mutilated or destroyed, so state and identify each such document.

8. This document request shall be continuing so as to require you to supplement your response(s) when and if you obtain any further documentation subsequent to the service of your response(s).

9. In construing this request: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of this request all documents that might otherwise be construed outside its scope; (iv) the present tense of the verb shall include its past tense and vice versa; and (v) "including" shall mean "including, without limitation," and shall be construed expansively and not as a limitation of the request or definition.

**DOCUMENT REQUESTS**

1. Any and all documents concerning the application for employment and hiring of Erin Combs ("Combs") by Starbucks, including:

a) Any documents completed or submitted by Combs in connection with seeking employment with Starbucks, including any employment applications or resumes, or any pre-employment or pre-engagement documents completed by Combs;

b) Any documents concerning Starbucks' decision to hire, accept, or reject Combs' employment application, including interview notes, interviewer feedback, and offer letters;

c) Any documents concerning any position or engagement, including the duties and responsibilities associated with that position or engagement, offered to Combs;

d) Any documents constituting Combs's acceptance or rejection of any offer of employment made by Starbucks;

e) Any employment contracts or agreements provided to Combs or completed or submitted by Combs relating to her employment with Starbucks; and

f) Any contracts or agreements between Combs and Starbucks or any of its officers, directors, agents or employees.

2. Documents sufficient to demonstrate the terms and conditions of Combs's employment with Starbucks, including documents sufficient to demonstrate the duties and responsibilities associated with the positions Combs occupied.

3. Documents sufficient to demonstrate any financial compensation or benefits received by and/or offered to Combs by Starbucks or arising out of her employment or engagement with Starbucks, including salary, commissions, bonuses, incentive awards, stock or equity awards, workers' compensation, disability payments, severance pay, or any other form of compensation.

4. Any and all documents concerning Combs's performance at Starbucks, including formal performance reviews, warnings, disciplinary actions, or similar documentation related to any performance issues or misconduct by Combs.

5. Any and all documents concerning Combs's separation from Starbucks, including, if applicable, termination notices, resignation letters, and severance or separation agreements.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| CAROLINE WILMUTH, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 23-cv-01774-JNW |
| AMAZON.com, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Daniel J. Edelman Holdings, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached, Appendix A.

| Place: Ashurst Perkins Coie US LLP, 1301 Second Ave, Ste 4200, Seattle, WA 98101 or via email or file transfer to Andrew.Moriarty@ashurstperkins.com and Carrie.Akinaka@ashurstperkins.com | Date and Time: 11/02/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/23/2026

*CLERK OF COURT*

OR

_________________________ s/ Carrie Akinaka

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AMAZON.com, Inc. , who issues or requests this subpoena, are:

Andrew Moriarty, Carrie Akinaka, Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste. 4200, Seattle, Washington 98101; Andrew.Moriarty@ashurstperkins.com; Carrie.Akinaka@ashurstperkins.com; 206-359-8000

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-01774-JNW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

1. "Person" shall include any natural person, custodian of records, firm, association, partnership, joint venture, corporation, related or associated company, trust, government entity, or other form of legal entity.

2. The term "document" shall be understood to apply to any record or communication (including any electronically stored information) that would be a document within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

3. "Edelman" shall refer to Daniel J. Edelman Holdings, Inc. or any of its affiliates, subsidiaries, parents, successors, or predecessors.

4. The terms "you" or "your" shall refer to Edelman, your officers, employees, counsel, consultants, experts, investigators, agents, or other persons acting on your behalf.

5. As used herein, "concerning" means relating to, describing, evidencing, supporting, refuting, or discussing.

6. This request for documents is addressed to Edelman, your officers, employees, agents, attorneys, parents, subsidiaries, or affiliates. If the requested documents are known by you to exist, but are not in your possession, custody, or control, or the possession, custody, or control of your officers, employees, agents, or attorneys, it is requested that you so indicate or produce documents that show the name of the person or entity whose custody such documents presently reside.

7. If any document responsive to this request has been lost, mutilated or destroyed, so state and identify each such document.

8. This document request shall be continuing so as to require you to supplement your response(s) when and if you obtain any further documentation subsequent to the service of your response(s).

9. In construing this request: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of this request all documents that might otherwise be construed outside its scope; (iv) the present tense of the verb shall include its past tense and vice versa; and (v) "including" shall mean "including, without limitation," and shall be construed expansively and not as a limitation of the request or definition.

## DOCUMENT REQUESTS

1. Any and all documents concerning the application for employment and hiring of Katherine Schomer ("Schomer") by Edelman, including:

a) Any documents completed or submitted by Schomer in connection with seeking employment with Edelman, including any employment applications or resumes, or any pre-employment or pre-engagement documents completed by Schomer;

b) Any documents concerning Edelman's decision to hire, accept, or reject Edelman's employment application, including interview notes, interviewer feedback, and offer letters;

c) Any documents concerning any position or engagement, including the duties and responsibilities associated with that position or engagement, offered to Schomer;

d) Any documents constituting Schomer's acceptance or rejection of any offer of employment made by Edelman;

e) Any employment contracts or agreements provided to Schomer or completed or submitted by Schomer relating to her employment with Edelman; and

f) Any contracts or agreements between Schomer and Edelman or any of its officers, directors, agents or employees.

2. Documents sufficient to demonstrate the terms and conditions of Schomer's employment with Edelman, including documents sufficient to demonstrate the duties and responsibilities associated with the positions Schomer occupied.

3. Documents sufficient to demonstrate any financial compensation or benefits received by and/or offered to Schomer by Edelman or arising out of her employment or engagement with Edelman, including salary, commissions, bonuses, incentive awards, stock or equity awards, workers' compensation, disability payments, severance pay, or any other form of compensation.

4. Any and all documents concerning Schomer's performance at Edelman, including formal performance reviews, warnings, disciplinary actions, or similar documentation related to any performance issues or misconduct by Schomer.

5. Any and all documents concerning Schomer's separation from Edelman, including, if applicable, termination notices, resignation letters, and severance or separation agreements.

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| CAROLINE WILMUTH, et al.<br>*Plaintiff*<br>v.<br>AMAZON.com, Inc.<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 23-cv-01774-JNW |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: PRR, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached, Appendix A.

| Place: Ashurst Perkins Coie US LLP, 1301 Second Ave, Ste 4200, Seattle, WA 98101 or via email or file transfer to Andrew.Moriarty@ashurstperkins.com and Carrie.Akinaka@ashurstperkins.com | Date and Time: 11/02/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/23/2026

*CLERK OF COURT*

OR

s/ Carrie Akinaka

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AMAZON.com, Inc. , who issues or requests this subpoena, are:

Andrew Moriarty, Carrie Akinaka, Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste. 4200, Seattle, Washington 98101; Andrew.Moriarty@ashurstperkins.com; Carrie.Akinaka@ashurstperkins.com; 206-359-8000

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-01774-JNW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ____________________
____________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

1. "Person" shall include any natural person, custodian of records, firm, association, partnership, joint venture, corporation, related or associated company, trust, government entity, or other form of legal entity.

2. The term "document" shall be understood to apply to any record or communication (including any electronically stored information) that would be a document within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

3. "PRR" shall refer to PRR, Inc. or any of its affiliates, subsidiaries, parents, successors, or predecessors.

4. The terms "you" or "your" shall refer to PRR, your officers, employees, counsel, consultants, experts, investigators, agents, or other persons acting on your behalf.

5. As used herein, "concerning" means relating to, describing, evidencing, supporting, refuting, or discussing.

6. This request for documents is addressed to PRR, your officers, employees, agents, attorneys, parents, subsidiaries, or affiliates. If the requested documents are known by you to exist, but are not in your possession, custody, or control, or the possession, custody, or control of your officers, employees, agents, or attorneys, it is requested that you so indicate or produce documents that show the name of the person or entity whose custody such documents presently reside.

7. If any document responsive to this request has been lost, mutilated or destroyed, so state and identify each such document.

8. This document request shall be continuing so as to require you to supplement your response(s) when and if you obtain any further documentation subsequent to the service of your response(s).

9. In construing this request: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of this request all documents that might otherwise be construed outside its scope; (iv) the present tense of the verb shall include its past tense and vice versa; and (v) "including" shall mean "including, without limitation," and shall be construed expansively and not as a limitation of the request or definition.

**DOCUMENT REQUESTS**

1. Any and all documents concerning the application for employment and hiring of Katherine Schomer ("Schomer") by PRR, including:

a) Any documents completed or submitted by Schomer in connection with seeking employment with PRR, including any employment applications or resumes, or any pre-employment or pre-engagement documents completed by Schomer;

b) Any documents concerning PRR's decision to hire, accept, or reject PRR's employment application, including interview notes, interviewer feedback, and offer letters;

c) Any documents concerning any position or engagement, including the duties and responsibilities associated with that position or engagement, offered to Schomer;

d) Any documents constituting Schomer's acceptance or rejection of any offer of employment made by PRR;

e) Any employment contracts or agreements provided to Schomer or completed or submitted by Schomer relating to her employment with PRR; and

f) Any contracts or agreements between Schomer and PRR or any of its officers, directors, agents or employees.

2. Documents sufficient to demonstrate the terms and conditions of Schomer's employment with PRR, including documents sufficient to demonstrate the duties and responsibilities associated with the positions Schomer occupied.

3. Documents sufficient to demonstrate any financial compensation or benefits received by and/or offered to Schomer by PRR or arising out of her employment or engagement with PRR, including salary, commissions, bonuses, incentive awards, stock or equity awards, workers' compensation, disability payments, severance pay, or any other form of compensation.

4. Any and all documents concerning Schomer's performance at PRR, including formal performance reviews, warnings, disciplinary actions, or similar documentation related to any performance issues or misconduct by Schomer.

5. Any and all documents concerning Schomer's separation from PRR, including, if applicable, termination notices, resignation letters, and severance or separation agreements.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

CAROLINE WILMUTH, et al.
*Plaintiff*
v.
AMAZON.com, Inc.
*Defendant*

Civil Action No. 23-cv-01774-JNW

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Wizards of the Coast LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached, Appendix A.

| Place: Ashurst Perkins Coie US LLP, 1301 Second Ave, Ste 4200, Seattle, WA 98101 or via email or file transfer to Andrew.Moriarty@ashurstperkins.com and Carrie.Akinaka@ashurstperkins.com | Date and Time: 11/02/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/23/2026

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

s/ Carrie Akinaka
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AMAZON.com, Inc. , who issues or requests this subpoena, are:

Andrew Moriarty, Carrie Akinaka, Ashurt Perkins Coie US LLP, 1301 Second Avenue, Ste. 4200, Seattle, Washington 98101; Andrew.Moriarty@ashurstperkins.com; Carrie.Akinaka@ashurstperkins.com; 206-359-8000

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-01774-JNW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ________________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

1. "Person" shall include any natural person, custodian of records, firm, association, partnership, joint venture, corporation, related or associated company, trust, government entity, or other form of legal entity.

2. The term "document" shall be understood to apply to any record or communication (including any electronically stored information) that would be a document within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

3. "Wizards of the Coast" shall refer to Wizards of the Coast LLC or any of its affiliates, subsidiaries, parents, successors, or predecessors.

4. The terms "you" or "your" shall refer to Wizards of the Coast, your officers, employees, counsel, consultants, experts, investigators, agents, or other persons acting on your behalf.

5. As used herein, "concerning" means relating to, describing, evidencing, supporting, refuting, or discussing.

6. This request for documents is addressed to Wizards of the Coast, your officers, employees, agents, attorneys, parents, subsidiaries, or affiliates. If the requested documents are known by you to exist, but are not in your possession, custody, or control, or the possession, custody, or control of your officers, employees, agents, or attorneys, it is requested that you so indicate or produce documents that show the name of the person or entity whose custody such documents presently reside.

7. If any document responsive to this request has been lost, mutilated or destroyed, so state and identify each such document.

8. This document request shall be continuing so as to require you to supplement your response(s) when and if you obtain any further documentation subsequent to the service of your response(s).

9. In construing this request: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of this request all documents that might otherwise be construed outside its scope; (iv) the present tense of the verb shall include its past tense and vice versa; and (v) "including" shall mean "including, without limitation," and shall be construed expansively and not as a limitation of the request or definition.

## DOCUMENT REQUESTS

1. Any and all documents concerning the application for employment and hiring of Katherine Schomer ("Schomer") by Wizards of the Coast or any of its affiliates, subsidiaries, parents, successors, or predecessors, including:

   a) Any documents completed or submitted by Schomer in connection with seeking employment with Wizards of the Coast, including any employment applications or resumes, or any pre-employment or pre-engagement documents completed by Schomer;

   b) Any documents concerning Wizards of the Coast's decision to hire, accept, or reject Schomer's employment application, including interview notes, interviewer feedback, and offer letters;

   c) Any documents concerning any position or engagement, including the duties and responsibilities associated with that position or engagement, offered to Schomer;

   d) Any documents constituting Schomer's acceptance or rejection of any offer of employment made by Wizards of the Coast;

   e) Any employment contracts or agreements provided to Schomer or completed or submitted by Schomer relating to her employment with Wizards of the Coast; and

f) Any contracts or agreements between Schomer and Wizards of the Coast or any of its officers, directors, agents, or employees.

2. Documents sufficient to demonstrate the terms and conditions of Schomer's employment with Wizards of the Coast, including documents sufficient to demonstrate the duties and responsibilities associated with the position Schomer occupies.

3. Documents sufficient to demonstrate any financial compensation or benefits received by and/or offered to Schomer by Wizards of the Coast or arising out of her employment or engagement with Wizards of the Coast, salary, commissions, bonuses, incentive awards, stock or equity awards, workers' compensation, disability payments, severance pay, or any other form of compensation.

4. Any and all documents concerning Schomer's performance at Wizards of the Coast, including formal performance reviews, warnings, disciplinary actions, or similar documentation related to any performance issues or misconduct by Schomer.

5. Any and all documents concerning Schomer's separation from Wizards of the Coast, if applicable, including termination notices, resignation letters, and severance or separation agreements.

# EXHIBIT

# 2

**Wilmuth, et al. v. Amazon.com, Inc.**

U.S. District Court for the Western District of Washington

Case No. 2:23-cv-01774-JNW

## DECLARATION OF CASSANDRA W. LENNING RE PLAINTIFF'S MOTION TO QUASH THIRD-PARTY SUBPOENAS AND FOR PROTECTIVE ORDER

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| CAROLINE WILMUTH, et al.<br>*Plaintiff*<br>v.<br>AMAZON.com, Inc.<br>*Defendant* | ) | Civil Action No. 23-cv-01774-JNW |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Canary Research & Strategy, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached, Appendix A.

| Place: | Date and Time: |
|---|---|
| Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste 4200, Seattle, WA 98101 or via email/file transfer to Andrew.Moriarty@ashurstperkins.com and Carrie.Akinaka@ashurstperkins.com | 10/26/2026 5:00 pm |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/15/2026

*CLERK OF COURT*

OR

s/ Carrie Akinaka

*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AMAZON.com, Inc. , who issues or requests this subpoena, are:

Andrew Moriarty, Carrie Akinaka, Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste. 4200, Seattle, Washington 98101; Andrew.Moriarty@ashurstperkins.com, Carrie.Akinaka@ashurstperkins.com; 206-359-8000

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-01774-JNW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________
__________________________________________________________________________
__________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ____________________________________
__________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

__________________________________________
*Server's signature*

__________________________________________
*Printed name and title*

__________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

1. "Person" shall include any natural person, custodian of records, firm, association, partnership, joint venture, corporation, related or associated company, trust, government entity, or other form of legal entity.

2. The term "document" shall be understood to apply to any record or communication (including any electronically stored information) that would be a document within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

3. The phrase "this period" shall be understood to mean the period of time spanning from Wilmuth's termination from Amazon on January 10, 2024 through the present.

4. "Canary" shall refer to Canary Research & Strategy, LLC or any of its affiliates, subsidiaries, parents, successors, or predecessors.

5. "You" or "your" shall refer to Canary, your officers, employees, counsel, consultants, experts, investigators, agents, or other persons acting on your behalf.

6. As used herein, "concerning" means relating to, describing, evidencing, supporting, refuting, or discussing.

7. This request for documents is addressed to Canary, your officers, employees, agents, attorneys, parents, subsidiaries, or affiliates. If the requested documents are known by you to exist, but are not in your possession, custody, or control, or the possession, custody, or control of your officers, employees, agents, or attorneys, it is requested that You so indicate or produce documents that show the name of the person or entity whose custody such documents presently reside.

8. If any document responsive to this request has been lost, mutilated or destroyed, so state and identify each such document.

9. This document request shall be continuing so as to require you to supplement your response(s) when and if You obtain any further documentation subsequent to the service of your response(s).

10. In construing this request: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) “and” as well as “or” shall be construed either disjunctively or conjunctively so as to bring within the scope of this request all documents that might otherwise be construed outside its scope; (iv) the present tense of the verb shall include its past tense and vice versa; and (v) “including” shall mean “including, without limitation,” and shall be construed expansively and not as a limitation of the request or definition.

**DOCUMENT REQUESTS**

1. Documents sufficient to demonstrate Canary’s income and profits since January 10, 2024 and the sources thereof, including:

a) Documents or contracts between Canary and its clients demonstrating the terms and conditions of that consulting arrangement, including any amounts to be paid to Canary for its consulting services;

b) Documents showing all costs Canary has incurred, including documents showing all filing fees and fees paid to third-parties hired, including business lawyers, accountants, career coaches, and website designers; and

c) Documents tracking Canary’s finances throughout this period.

2. Documents sufficient to show any financial compensation or benefits received by Caroline Wilmuth (“Wilmuth”) from Canary since January 10, 2024, including salary, commissions, bonuses, incentive awards, stock or equity awards, workers’ compensation, disability payments, severance pay, or any other form of compensation.

3. Documents sufficient to demonstrate the terms and conditions of Wilmuth's involvement with Canary and services offered by Wilmuth on Canary's behalf, including but not limited to:

a) Documents sufficient to demonstrate Wilmuth's duties and responsibilities;

b) Correspondence or proposals to clients and potential clients describing consulting services offered by Canary and Wilmuth; and

c) Contracts between Canary and Canary's clients or other documents discussing the scope of Canary's and Wilmuth's services and engagement.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| CAROLINE WILMUTH, et al. *Plaintiff* | ) | |
| v. | ) | Civil Action No. 23-cv-01774-JNW |
| AMAZON.com, Inc. *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Artio Strategies LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached, Appendix A.

| Place: | Date and Time: |
|---|---|
| Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste 4200, Seattle, WA 98101 or via email/file transfer to Andrew.Moriarty@ashurstperkins.com and Carrie.Akinaka@ashurstperkins.com | 10/26/2026 5:00 pm |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/15/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

s/ Carrie Akinaka
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AMAZON.com, Inc. , who issues or requests this subpoena, are:

Andrew Moriarty, Carrie Akinaka, Ashurst Perkins Coie US LLP, 1301 Second Avenue, Ste. 4200, Seattle, Washington 98101; Andrew.Moriarty@ashurstperkins.com, Carrie.Akinaka@ashurstperkins.com; 206-359-8000

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-01774-JNW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________
______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**APPENDIX A**

**DEFINITIONS AND INSTRUCTIONS**

1. "Person" shall include any natural person, custodian of records, firm, association, partnership, joint venture, corporation, related or associated company, trust, government entity, or other form of legal entity.

2. The term "document" shall be understood to apply to any record or communication (including any electronically stored information) that would be a document within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

3. The phrase "this period" shall be understood to mean the period of time spanning from Erin Combs's resignation from Amazon on December 4, 2023 through the present.

4. "Artio" shall refer to Artio Strategies LLC or any of its affiliates, subsidiaries, parents, successors, or predecessors.

5. "You" or "your" shall refer to Artio, your officers, employees, counsel, consultants, experts, investigators, agents, or other persons acting on your behalf.

6. As used herein, "concerning" means relating to, describing, evidencing, supporting, refuting, or discussing.

7. This request for documents is addressed to Artio, Your officers, employees, agents, attorneys, parents, subsidiaries, or affiliates. If the requested documents are known by you to exist, but are not in your possession, custody, or control, or the possession, custody, or control of your officers, employees, agents, or attorneys, it is requested that you so indicate or produce documents that show the name of the person or entity whose custody such documents presently reside.

8. If any document responsive to this request has been lost, mutilated or destroyed, so state and identify each such document.

9. This document request shall be continuing so as to require you to supplement your response(s) when and if You obtain any further documentation subsequent to the service of your response(s).

10. In construing this request: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neutral pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of this request all documents that might otherwise be construed outside its scope; (iv) the present tense of the verb shall include its past tense and vice versa; and (v) "including" shall mean "including, without limitation," and shall be construed expansively and not as a limitation of the request or definition.

## DOCUMENT REQUESTS

1. Documents sufficient to demonstrate Artio's income and profits since December 4, 2023 and the sources thereof, including:

   a) Documents or contracts between Artio and its clients demonstrating the terms and conditions of that consulting arrangement, including any amounts to be paid to Artio for its consulting services;

   b) Documents showing all costs Artio has incurred, including documents showing all filing fees and fees paid to third-parties hired, including business lawyers, accountants, career coaches, and website designers; and

   c) Documents tracking Artio's finances throughout this period.

2. Documents sufficient to show any financial compensation or benefits received by Erin Combs ("Combs") from Artio since December 4, 2023, including salary, commissions, bonuses, incentive awards, stock or equity awards, workers' compensation, disability payments, severance pay, or any other form of compensation.

3. Documents sufficient to demonstrate the terms and conditions of Combs's involvement with Artio and services offered by Combs on Artio's behalf, including but not limited to:

a) Documents sufficient to demonstrate Combs's duties and responsibilities;

b) Correspondence or proposals to clients and potential clients describing consulting services offered by Artio and Combs; and

c) Contracts between Artio and Artio's clients or other documents discussing the scope of Artios's and Combs's services and engagement.