# Exhibit A

The Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

CAROLINE WILMUTH, KATHERINE SCHOMER, and ERIN COMBS, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMAZON.com, Inc.,

Defendant.

Case No. 2:23-cv-01774 (JNW)

**PLAINTIFFS' RULE 26 THIRD AMENDED AND SUPPLEMENTAL DISCLOSURES**



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

Plaintiffs hereby serve on Amazon.com, Inc., ("Defendant" or "Amazon") their second amended and supplemental initial disclosures pursuant to Fed. R. Civ. P. 26(e)(1).

These initial disclosures represent Plaintiffs' and counsels' best efforts at this early stage based on available non-privileged, non-work product information relating to Plaintiffs' claims. Plaintiffs reserve the right to rely on additional witnesses or documents relating to the claims alleged and/or to supplement these disclosures as the case progresses.

## I. Rule 26(a)(1)(A)(i): Witnesses

Plaintiffs identify the following individuals who may have discoverable information that they may use to support their claims.

### A. Current and Former Amazon Employees

1. Katie Ambrose

Plaintiffs believe that Katie Ambrose has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

2. Nicholas Boone-Lutz

Plaintiffs believe that Nicholas Boone-Lutz has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

3. Mackenzie Brickle

Plaintiffs believe that Mackenzie Brickle has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

4. Meghan Brooks

Plaintiffs believe that Megan Brooks has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

5. Ashley Brown

Plaintiffs believe that Ashley Brown has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

6. Jordan Burke

Plaintiffs believe that Jordan Burke has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (vi) business, personnel and employment decisions, practices and/or policies of Defendant.

7. Kelly Cheeseman

Plaintiffs believe that Kelly Cheeseman has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

8. Ugo Chukwunyere

Plaintiffs believe that Ugo Chukwunyere has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (vi) business, personnel and employment decisions, practices and/or policies of Defendant.

9. Roxana Cosmaciuc

Plaintiffs believe that Roxana Cosmaciuc has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

10. Amy Cropper

Plaintiffs believe that Amy Cropper has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

11. Katie Curran

Plaintiffs believe that Katie Curran has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

12. Brandi Daniel

Plaintiffs believe that Brandi Daniel has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

13. Melodie Dufour

Plaintiffs believe that Melodie Dufour has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

14. Theresa Dugan

Plaintiffs believe that Theresa Dugan has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

15. Lauren Ennis

Plaintiffs believe that Lauren Ennis has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

16. Sarah Gelman

Plaintiffs believe that Sarah Gelman has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

17. Dylan Green

Plaintiffs believe that Dylan Green has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (vi) business, personnel and employment decisions, practices and/or policies of Defendant.

18. Bryce Hansen

Plaintiffs believe that Bryce Hansen has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

19. Jenna Haynesworth

Plaintiffs believe that Jenna Haynesworth has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

20. Allison Heim

Plaintiffs believe that Allison Heim has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

21. Robin Heitzman

Plaintiffs believe that Robin Heitzman has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (iv) business, personnel and employment decisions, practices and/or policies of Defendant.

22. Drew Herdener

Plaintiffs believe that Drew Herdener has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (vi) business, personnel and employment decisions, practices and/or policies of Defendant.

23. Christine Hoeger

Plaintiffs believe that Christine Hoeger has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

24. Keith Johnson

Plaintiffs believe that Keith Johnson has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

25. Suz Koch

Plaintiffs believe that Suz Koch has knowledge concerning, inter alia, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

26. Christina Lee

Plaintiffs believe that Christina Lee has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (vi) business, personnel and employment decisions, practices and/or policies of Defendant.



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

27. Tara Lubbers

Plaintiffs believe that Tara Lubbers has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

28. Pedrito Maynard-Zhang

Plaintiffs believe that Pedrito Maynard-Zhang has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (iv) business, personnel and employment decisions, practices and/or policies of Defendant.

29. Katelyn Mendoza

Plaintiffs believe that Katelyn Mendoza has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi)



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

30. Gouri Shankar Mishra

Plaintiffs believe that Gouri Shankar Mishra has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

31. Teal Pennebaker

Plaintiffs believe that Teal Pennebaker has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

32. Chuin Phang

Plaintiffs believe that Chuin Phang has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

33. Roy Price

Plaintiffs believe that Roy Price has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; and (ii) business, personnel and employment decisions, practices and/or policies of Defendant.

34. Pushkar Raj

Plaintiffs believe that Pushkar Raj has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (iv) business, personnel and employment decisions, practices and/or policies of Defendant.

35. Ashley Robinson

Plaintiffs believe that Ashley Robinson has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

36. Ana Rocca

Plaintiffs believe that Ana Rocca has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (vi) business, personnel and employment decisions, practices and/or policies of Defendant.

37. Ty Rogers

Plaintiffs believe that Ty Rogers has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

38. Christopher Royle

Plaintiffs believe that Christopher Royle has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v)



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

39. Rebecca Salt

Plaintiffs believe that Rebecca Salt has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

40. Bailey Sargent

Plaintiffs believe that Bailey Sargeat has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; and (iii) business, personnel and employment decisions, practices and/or policies of Defendant.

41. Alice Shobe

Plaintiffs believe that Alice Shobe has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

42. Alexis Skiles

Plaintiffs believe that Alexis Skiles has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

43. Jamal Scott

Plaintiffs believe that Jamal Scott has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

44. Adam Sedo

Plaintiffs believe that Adam Sedo has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv)



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

45. Suresh Sereventine

Plaintiffs believe that Suresh Sereventine has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

46. Ollie Sloboda

Plaintiffs believe that Ollie Sloboda has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; and (iii) business, personnel and employment decisions, practices and/or policies of Defendant.

47. Maureen Stewart-Nordberg

Plaintiffs believe that Maureen Stewart-Nordberg has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (v) business, personnel and employment decisions, practices and/or policies of Defendant.



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

48. Daniel Tamul

Plaintiffs believe that Daniel Tamul has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (iv) business, personnel and employment decisions, practices and/or policies of Defendant.

49. Kendra Tappin

Plaintiffs believe that Kendra Tappin has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

50. Linda Thomas

Plaintiffs believe that Linda Thomas has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

51. Kenneth Turner:

Plaintiffs believe that Kenneth Turner has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (iv) business, personnel and employment decisions, practices and/or policies of Defendant.

52. Kailey Waring

Plaintiffs believe that Kailey Waring has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (iv) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) business, personnel and employment decisions, practices and/or policies of Defendant; and (vi) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

53. Rob Wilson

Plaintiffs believe that Rob Wilson has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iii) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; and (iv) business, personnel and employment decisions, practices and/or policies of Defendant.

54. Leona Zamora

Plaintiffs believe that Leona Zamora has knowledge concerning, *inter alia*, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) one or more Plaintiffs' work

performance and experience with Defendant; (iii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; (iv) the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (v) one or more Plaintiffs' complaints regarding the discriminatory and retaliatory conduct one or more Plaintiffs were subjected to during their employment with Defendant; (vi) business, personnel and employment decisions, practices and/or policies of Defendant; and (vii) the mental and physical distress of one or more Plaintiffs caused by Amazon's conduct.

55. Michael Zittel
Contact through Plaintiffs' counsel

Michael Zittel is an Amazon contractor. He is a colleague and personal friend of Plaintiffs Wilmuth, Schomer, and Combs. Each has spoken to Michael Zittel about the discriminatory and retaliatory conduct that Amazon subjected them to during her employment, and the mental and physical distress caused by Amazon's conduct.

56. Meg Coyle

Plaintiffs believe Meg Coyle has knowledge concerning, inter alia, (i) the claims and/or allegations asserted in the First Amended Complaint; (ii) relevant events that occurred while one or more Plaintiffs were employed by Defendant; and (iii) business, personnel and employment decisions, practices and/or policies of Defendant.

**B. Caroline Wilmuth**

57. Dr. Paula Arciaga, DO
509 Olive Wy Suites 200 & 900
Seattle, WA 98101
(206) 860-4413

Dr. Paula Arciaga is the primary physician of Dr. Wilmuth. Dr. Wilmuth has spoken to Dr. Paula Arciaga about the discriminatory and retaliatory conduct that Amazon subjected Dr. Wilmuth to during her employment, and the mental and physical distress caused by Amazon's



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

conduct.

58. Rachel Arnett
Contact through Plaintiffs' counsel

Rachel Arnett is a personal friend of Dr. Wilmuth. Dr. Wilmuth has spoken to Rachel Arnett about the discriminatory and retaliatory conduct that Amazon subjected Dr. Wilmuth to during her employment, and the mental and physical distress caused by Amazon's conduct.

59. Daniel Kelley
Contact through Plaintiffs' counsel

Daniel Kelly is a mentor, former colleague, and personal friend of Dr. Wilmuth. Dr. Wilmuth has spoken to Daniel Kelley about the discriminatory and retaliatory conduct that Amazon subjected Dr. Wilmuth to during her employment, and the mental and physical distress caused by Amazon's conduct.

60. Tara Lamb, LMHC
7205 265th St NW
Stanwood, WA 98292
Phone: (360) 629-1500

Tara Lamb is a former therapist of Dr. Wilmuth. Dr. Wilmuth has spoken to Tara Lamb about the discriminatory and retaliatory conduct that Amazon subjected Dr. Wilmuth to during her employment, and the mental and physical distress caused by Amazon's conduct.

61. Jennifer Schweinhard, LMHC, CMHS
498 NW 7th Avenue
Oak Harbor, WA 98277
(360) 672-2366

Jennifer Schweinhard is a former therapist of Dr. Wilmuth. Dr. Wilmuth has spoken to Jennifer Schweinhard about the discriminatory and retaliatory conduct that Amazon subjected Dr. Wilmuth to during her employment, and the mental and physical distress caused by Amazon's conduct.



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

62. Jordana Joseph
Jordanajosephtherapy@gmail.com
503-893-8335

Jordana Joseph is Dr. Wilmuth's current therapist, who she has been seeing since March 2025. Dr. Wilmuth has spoken to Jodana Joseph about the discriminatory and retaliatory conduct that Amazon subjected Dr. Wilmuth to during her employment, the mental and physical distress caused by Amazon's conduct, and/or the lawsuit.

**C. Katherine Schomer**

63. Jen Emira
Contact through Plaintiffs' counsel

Jen Emeira is a friend of Ms. Schomer's. Ms. Schomer has spoken to her about the discriminatory and retaliatory conduct that Amazon subjected Ms. Schomer to during her employment, and the mental and physical distress caused by Amazon's conduct.

64. Bryna McCollum, PA-C
314 NE Thornton Place
Seattle, WA 98125
(206) 528-8000

Dr. Bryna McCollum is a treating physician's assistant of Ms. Schomer's. Ms. Schomer has spoken to her about the discriminatory and retaliatory conduct that Amazon subjected Ms. Schomer to during her employment, and the mental and physical distress caused by Amazon's conduct.

65. Jeremy Robinson
Contact through Plaintiffs' counsel

Jeremy Robinson is Ms. Schomer's husband. Ms. Schomer has spoken to him about the discriminatory and retaliatory conduct that Amazon subjected Ms. Schomer to during her employment, and the mental and physical distress caused by Amazon's conduct.

66. Oliver Robinson
Contact through Plaintiffs' counsel

Oliver Robinson is Ms. Schomer's son. Ms. Schomer has spoken to him about the discriminatory and retaliatory conduct that Amazon subjected Ms. Schomer to during her employment, and the mental and physical distress caused by Amazon's conduct.

67. Owen Robinson
Contact through Plaintiffs' counsel

Owen Robinson is Ms. Schomer's son. Ms. Schomer has spoken to him about the discriminatory and retaliatory conduct that Amazon subjected Ms. Schomer to during her employment, and the mental and physical distress caused by Amazon's conduct.

68. Rebecca Schomer
Contact through Plaintiffs' counsel

Rebecca Schomer is Ms. Schomer's mother. Ms. Schomer has spoken to her about the discriminatory and retaliatory conduct that Amazon subjected Ms. Schomer to during her employment, and the mental and physical distress caused by Amazon's conduct.

69. Lavinia Touchton
Contact through Plaintiffs' counsel

Lavinia Touchton is a friend of Ms. Schomer's. Ms. Schomer has spoken to her about the discriminatory and retaliatory conduct that Amazon subjected Ms. Schomer to during her employment, and the mental and physical distress caused by Amazon's conduct.

70. Iman Yunis, DNP, ARNP, PMHNP-BC
Seattle, WA 98101
(206) 483-0730

Iman Yunis is the treating therapist and psychiatrist of Ms. Schomer. Ms. Schomer has spoken to her about the discriminatory and retaliatory conduct that Amazon subjected Ms.



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

Schomer to during her employment, and the mental and physical distress caused by Amazon's conduct.

71. Kallie Kurtz, MSW
PEAK Psychological Wellness
3245 Fairview Ave E
Seattle, WA 98102
(206) 552-8491

Kallie Kurtz is Ms. Schomer's current therapist. Ms. Schomer has spoken to Kallie Kurtz about the discriminatory and retaliatory conduct that Amazon subjected Ms. Schomer to during her employment, the mental and physical distress caused by Amazon's conduct, and/or the lawsuit.

**D. Erin Combs**

72. Amy Baernstein M.D.
4245 Roosevelt Way NE
Seattle, WA 98105
(206) 598-5500

Amy Baernstein M.D. is the general practitioner of Ms. Combs. Ms. Combs has spoken to Dr. Baernstein about the discriminatory and retaliatory conduct that Amazon subjected Ms. Combs to during her employment, and the mental and physical distress caused by Amazon's conduct.

73. Mel Gregory
Contact through Plaintiffs' counsel

Mel Gregory is a personal friend of Ms. Combs. Ms. Combs has spoken to Mel Gregory about the discriminatory and retaliatory conduct that Amazon subjected Ms. Combs to during her employment, and the mental and physical distress caused by Amazon's conduct.

74. Michael Monroe
Contact through Plaintiffs' counsel



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

Michael Monroe is the husband of Ms. Combs. Ms. Combs has spoken to Michael Monroe about the discriminatory and retaliatory conduct that Amazon subjected Ms. Combs to during her employment, and the mental and physical distress caused by Amazon's conduct.

75. Dr. Priscilla Wright Ph.D.
3245 Fairview Ave E
Seattle, WA 98102
(206) 718-4153
priscilla56@live.com

Dr. Priscilla Wright Ph.D. is the psychologist of Ms. Combs. Ms. Combs has spoken to Dr. Wright about the discriminatory and retaliatory conduct that Amazon subjected Ms. Combs to during her employment, and the mental and physical distress caused by Amazon's conduct.

76. Dr. Christina Wei
425-892-0672

Tranquilwaypsych@gmail.comDr. Wei is Ms. Combs' current therapist, who she began seeing in January 2025. Ms. Combs has spoken to Dr. Wei about the discriminatory and retaliatory conduct that Amazon subjected Ms. Combs to during her employment, and the mental and physical distress caused by Amazon's conduct.

**E. Class**

Plaintiffs have asserted class claims and may call as witnesses other current and former Amazon employees who have discoverable information relevant to Amazon's discriminatory practices and policies.

## II. Rule 26(a)(1)(A)(ii): Documents

Discovery is not complete and, therefore Plaintiffs are not in possession of all documents, data compilations and tangible things that may be used to support their claims. Many of the documents pertaining to Plaintiffs' claims are in the possession of Defendant. Subject to the foregoing, and reserving Plaintiffs' right to supplement this disclosure, and to rely upon

documents, data compilations and other tangible things disclosed by Defendants, and in an effort to comply with Fed. R. Civ. P. 26(a)(1), Plaintiff identifies the following documents:

1. Documents concerning payroll and personnel data for all Plaintiffs, Opt-Ins, and Potential Class Members;
2. Documents concerning Defendant's organizational structure and job architecture;
3. Documents concerning Defendant's policies, procedures, or practices regarding compensation, performance evaluation, and promotion.
4. Documents concerning the Defendant's employment-related policies or benefits, including, but not limited to, employee handbooks, manuals and benefits plans;
5. Documents concerning Defendant's antidiscrimination policies and/or procedures;
6. Documents concerning complaints of gender discrimination, harassment, and/or retaliation regarding pay, promotion, job code, or job level by Plaintiffs and other employees;
7. Documents concerning the terms and conditions of Plaintiffs' employment, including any written agreements between Plaintiffs and Amazon and any job descriptions;
8. Documents concerning employment actions taken by Defendant regarding Plaintiffs;
9. Documents concerning the compensation, equity interests, and benefits of Plaintiffs and their male comparators;
10. Documents concerning performance reviews, job evaluations and/or promotions for Plaintiffs and their male comparators;
11. Documents concerning Plaintiffs' disability, medical, and/or sick leave;
12. Communications regarding Plaintiffs' employment with Defendant;
13. Documents concerning Plaintiffs' efforts to mitigate their damages;



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

14. Medical records from any providers with whom Plaintiffs sought treatment related to Amazon's conduct or otherwise discussed Amazon during treatment.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) and to rely on documents identified and/or produced by Defendants

**III. Rule 26(a)(1)(A)(iii): Damages**

Plaintiffs are in the process of calculating their damages based on information received to date from Defendant in discovery. Subject to the foregoing, and in an effort to comply with Fed. R. Civ. P. 26(a)(1), the following, however, are the categories of damages that Plaintiffs will be seeking:

1. Injunctive relief in the form of a permanent injunction preventing Defendant from continuing to discriminate against female employees as described in the First Amended Complaint;
2. An order that Defendant institute workplace changes to eradicate the effects of its past and present discrimination;
3. Back wages in an amount to be determined at trial;
4. Front pay in an amount to be determined at trial;
5. Liquidated damages or statutory damages pursuant to the Washington Equal Pay and Opportunities Act, RCW 49.58.010 *et seq.* ("EPOA") and the federal Equal Pay Act;
6. An equity interest in the corporate entities in an amount to be determined at trial;
7. An amount to be determined at trial to compensate Plaintiffs and class members for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiffs emotional distress;
8. An amount to be determined at trial to compensate Plaintiffs for harm to their professional and personal reputations and loss of career fulfillment;



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

9. An award of punitive damages in an amount to be determined at trial;

10. An amount to be determined at trial for any and all other monetary and/or non-monetary losses suffered by Plaintiffs and class members;

11. An award of costs that Plaintiffs have incurred in this action, as well as Plaintiffs' reasonable attorneys' fees to the fullest extent permitted by law; and

12. An award of prejudgment and post-judgment interest at the legal rate under applicable law.

With respect to Nos. 3 and 4 above, the individual named Plaintiffs further state as follows:

**Wilmuth:** Plaintiff Wilmuth seeks the difference between what Amazon actually paid her, and what it should have paid her if it had not discriminated and retaliated against her. More specifically, she intends to seek:

(1) the difference between what she actually earned while coded as a General Marketer Manager, and what she would have made, had Amazon correctly coded her position as that of a Research Scientist beginning in May 2019;

(2) the difference between what Amazon paid her as a L7 and what she would have earned if she had been promoted and/or otherwise correctly leveled at as an L8 beginning in Q3 2021 or, at the latest, Q1 2022.

(3) damages stemming from Amazon's retaliatory actions, including her reduced compensation and stock award resulting from her lower-than warranted Forte rating for 2023, and lost wages and benefits resulting from her wrongful termination in March 2024; and

(4) an award of front pay to compensate her for the difference between what she will earn through any future employment and what she would have earned, had Amazon compensated her equally as compared to her male peers, correctly coded and leveled



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

her job position, and not retaliated against her, including by terminating her employment.

For calculation purposes, Plaintiff Wilmuth believes her actual compensation was $205,006 in 2019; $279,810 in 2020; $351,438 in 2021; $402,275 in 2022; and $306,709 in 2023. Conversely, Plaintiff Wilmuth estimates, she would have been earning between $570,000-$900,000 as an L7 Research Scientist, and between $900,00- $1,300,000 as an L8 Research Scientist. Following Plaintiff Wilmuth's termination, she was paid a total of $26,513 in unemployment insurance benefits over 26 weeks. In April 2025, Plaintiff Wilmuth secured a new position as Director of marketing and Communications with Holistic AI, which pays $170,000 in salary.

**Schomer:** Plaintiff Schomer seeks the difference between what Amazon actually paid her, and what it should have paid her if it had not discriminated and retaliated against her. More specifically, she intends to seek:

(1) the difference between what she actually earned while coded as Functional Marketing, and what she would have made, had Amazon correctly coded her position as that of a Research Scientist beginning in January 2022; and

(2) damages stemming from Amazon's retaliatory actions, including her reduced compensation and stock award resulting from her lower-than warranted Forte rating for 2023 and her placement in Pivot in 2024.

(3) an award of front pay to compensate her for the difference between what she will earn through any future employment and what she would have earned, had Amazon compensated her equally as compared to her male peers, correctly coded her job position, and not retaliated against her, including by terminating her employment.

For calculation purposes, Plaintiff Schomer believes her actual compensation was $289,751 in 2021; $395,852 in 2022; and $322,459 in 2023, but estimates, she would have been



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

earning between $570,000-$900,000 as an L7 Research Scientist.

Following Plaintiff Schomer's termination, she was paid a total of $26,494 in unemployment insurance benefits, which have since expired. In May 2025, Plaintiff Schomer secured a position as Senior Research Manager with Wizards of the Coast, which pay $135,000 per year in base salary, with potential bonus up to 15%.

**Combs:** Plaintiff Combs seeks the difference between what Amazon actually paid her, and what it should have paid her if it had not discriminated and retaliated against her. More specifically, she intends to seek:

(1) the difference between what she actually earned and what she would have made, had Amazon compensated her commensurate with her male peers in her same job code and at her same level;

(2) damages stemming from Amazon's retaliatory actions, including her reduced compensation and stock award resulting from her lower-than warranted Forte rating for 2023, and lost wages and benefits resulting from her constructive discharge in December 2023; and

(3) an award of front pay to compensate her for the difference between what she will earn through any future employment and what she would have earned, had Amazon compensated her equally as compared to her male peers and not retaliated against her, resulting in her constructive discharge.

For calculation purposes, Plaintiff Combs believes her actual compensation, which was at the low-end of the compensation range for her job code/level, was $272,526 in 2021; $294,383 in 2022; and $254,560 in 2023. Conversely, Plaintiff Combs estimates, she would have been earning as much as $426,000 per year at the high-end of the compensation range for her job code/level. Since her employment with Amazon ended, Plaintiff Combs has attempted to mitigate her damages by starting her own consulting business, Artio Strategies LLC, as well as



**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

seeking full-time employment. Ms. Combs earned $45,182.43 gross in contract work in 2024, and has earned $89,786.03 gross so far in 2025.

**IV. Rule 26(a)(1)(A)(iv): Insurance**

Plaintiffs currently have no documents of which they are aware regarding any insurance agreement under which any person carrying on an insurance business may be liable to satisfy any part or all of a judgment which may be entered in this action.

DATED this 8th day of August, 2025.

Respectfully Submitted,

By: [signature]

Cassandra W. Lenning, WSBA #54336
Jahan C. Sagafi*
Menaka N. Fernando*
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800

Adam T. Klein*
Cara E. Greene*
Chauniqua Young*
Michael C. Danna*
685 3rd Ave 25th Floor
New York, NY 10017
Telephone: (212) 209-0675

Jennifer Davidson*
1225 New York Ave NW, Suite 1200B
Washington, DC 20005
Telephone: (202) 918-5476

**admitted pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on August 8, 2025, I caused the foregoing Plaintiffs' Rule 26 Third Amended and Supplemental Disclosures to be sent to all counsel of record *via* electronic mail.

DATED this 8th day of August, 2025.

OUTTEN & GOLDEN LLP

By: [signature]

Cassandra W. Lenning, WSBA #54336
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800