THE HONORABLE JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CAROLINE WILMUTH, KATHERINE SCHOMER, and ERIN COMBS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.com, Inc.,<br><br>Defendant. | Case No. 2:23-cv-01774-JNW<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER**<br><br>NOTE OF MOTION CALENDAR:<br>November 17, 2026 |

Plaintiffs moved to quash numerous subpoenas Defendant issued to Plaintiffs' pre- and post-Amazon employers (the "Third-Party Employers") and to narrow the scope of overbroad subpoenas to the consulting companies Plaintiffs Wilmuth and Combs started after their employment with Amazon ended (the "Consulting Firms"). In its Opposition, Defendant revealed two of Plaintiffs' pre-Amazon employers provided responsive documents notwithstanding the pending motion, Dkt. 197-1, ¶¶ 10-11, but Defendant failed to notify Plaintiffs of such or produce the subpoenaed documents.[1] Despite recognizing Defendant must make "a specific showing" of relevance to obtain Plaintiffs' private employment records, Dkt. 197 at 4, Defendant fails to satisfy its burden, instead

[1] These documents are directly responsive to Plaintiffs' May 24, 2024 Request for Production No. 16 for "[a]ll documents received in response to any subpoena related to this action, and all communications with any third-party on whom any subpoena is served." Decl. of C. Lenning, ¶¶ 4-6.



BIBIYAN LAW GROUP, P.C.
Columbia Center
701 Fifth Ave., 42nd Floor
Seattle, WA 98104-5119
Telephone: (206) 225-2043

relying on generalized and inapplicable assertions of relevance, and citing cases that are readily distinguishable. For the reasons described below, and in Plaintiffs' Motion, the Court should quash the subpoenas and issue a protective order.

**A. Defendant failed to make a "specific showing" of relevance for Plaintiffs' pre-Amazon employment records.**

Defendant's subpoenas to Plaintiffs' pre-Amazon employers seek all documents relating to their applications for employment, the decision to hire Plaintiffs, their job duties and responsibilities, their pre-Amazon compensation and benefits, and documents concerning their separation and any severance. Dkt. 191 at pp. 5-40 (Lenning Decl. at Exhibit 1). Defendant's only argument for why such documents are relevant is that Plaintiffs' "pre-Amazon experience" is "central to Amazon's defense" against their equal pay claims that the pay differential at issue rests on differences in "professional experience and education." Dkt. 197 at 5. Amazon appears to concede it "may justify pay only with information *it had at the time*,"[2] but nevertheless asserts "evidence regarding employees' qualifications, duties, or performance records *from prior employers*" is still relevant because it is entitled to "test" whether "Plaintiffs' representations about their experience when it hired and leveled them" were "accurate and complete." *Id.* at 5-6 (emphasis added). As Defendant's own cases demonstrate, fishing expeditions to "test" a party's credibility are routinely rejected absent a showing of prior untruthfulness. *See, e.g., Walsh v. Walmart Inc.*, 2023 U.S. Dist. LEXIS 80187, *12 (W.D. Wash. May 8, 2023) (permitting discovery into prior employment records

---

[2] Defendant cannot prove pay differences were the result of factors other than sex based on evidence of professional experience it did not possess at the time it set Plaintiffs' salaries, and which could not have informed Defendant's pay decisions. As one of the cases Defendant relies on explicitly held, "Post-hoc rationalizations, of course, will not permit [the employer] to carry its burden of proving the legitimacy of its payment of unequal starting salaries." *Hein v. Oregon Coll. of Educ.*, 718 F.2d 910, 921 (9th Cir. 1983). Because evidence of Plaintiffs' "qualifications, duties, or performance records from prior employers" that Amazon did not have when it set Plaintiffs' compensation is wholly irrelevant, it is not discoverable.



BIBIYAN LAW GROUP, P.C.
Columbia Center
701 Fifth Ave., 42nd Floor
Seattle, WA 98104-5119
Telephone: (206) 225-2043

*after defendant established* plaintiff "was not truthful about her employment background," inconsistently representing her education, "former title, job description, and period of employment in her job applications and resume"); *Abu v. Piramco SEA-TAC, Inc.*, 2009 U.S. Dist. LEXIS 12626, *5-7 (W.D. Wash. Feb. 5, 2009) (finding "information from plaintiff's other employers "relevant" and not a "fishing expedition" *after defendant established* plaintiff had omitted "a recent prior employer on her employment application with defendant," fearing a bad reference, "even though plaintiff signed the application certifying that the answers provided were accurate," and thus since "plaintiff was intentionally untruthful," defendant was "entitled to further probe her credibility."); *Cf. Rugo v. Hardwick*, 2017 U.S. Dist. LEXIS 93485, *9-10 (E.D. Wash. June 16, 2017) ("Here, unlike in *Awosika*, Defendants have not made any specific allegations placing Plaintiffs' credibility at issue … A generalized credibility concern, such as the one asserted in this case, would encompass too much with no limiting principle.") (distinguishing *Awosika v. Target Corp.*, 2011 U.S. Dist. LEXIS 158907 (W.D. Wash. May 26, 2011)). Defendant has not identified any prior misrepresentations or other reason to doubt Plaintiffs' truthfulness and, therefore, is not entitled to "test" the credibility of Plaintiffs' representations regarding their professional experience by conducting a fishing expedition into Plaintiffs' pre-Amazon employment records.[3]

Finally, it bears noting, even if Defendant's argument about testing Plaintiffs' credentials had

[3] The other cases relied upon by Defendant are equally distinguishable. *See Smith v. Legacy Partners, Inc.*, 2022 U.S. Dist. LEXIS 73365, *7-10 (W.D. Wash. Apr. 21, 2022) (denying an untimely motion to quash where "Plaintiff ha[d] produced no evidence to support her claims and refused to answer interrogatories and provide documentary evidence regarding her prior employment"); *EEOC v. The Cheesecake Factory, Inc.*, 2017 U.S. Dist. LEXIS 144391, *25 (W.D. Wash. Sep. 6, 2017) (prior employment records were relevant in a *failure to accommodate claim* "to establish that [the plaintiff] is qualified for the job and capable of performing it with reasonable accommodation."). Here, Plaintiffs' equal pay claims involve no assessment of whether they were qualified and capable of performing the essential functions of their roles (rather, the question is whether Amazon was justified in paying them less than men for performing the roles they did, which cannot be answered by information that Amazon did not possess at the time it made the pay decisions at issue).



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Ave., 42nd Floor
Seattle, WA 98104-5119
Telephone: (206) 225-2043

any legal merit—it does not—the subpoenas to Plaintiffs' pre-Amazon employers are significantly broader and encompass numerous categories of documents for which Defendant does not make any relevance argument. For example, the subpoenas require disclosure of Plaintiffs' pre-Amazon compensation, even though Defendant cannot rely on their prior salary to defend against their equal pay claims. *Rizo v. Yovino*, 950 F.3d 1217, 1229 (9th Cir. 2020); RCW 49.58.100. Defendant concedes this by making no argument of relevance, yet notably does not stipulate to narrowing the overbroad subpoenas.

Defendant has not made the "specific showing" of relevance required to permit overbroad discovery into Plaintiffs' pre-Amazon employment records. The Court should grant Plaintiff's motion, quash the subpoenas to Plaintiffs' prior employers, and enter a protective order.

**B. Defendant failed to make a "specific showing" of relevance for Plaintiffs' post-Amazon employment records.**

Defendant argues Plaintiffs' personnel files from subsequent employers are relevant to Plaintiffs' emotional distress damages and Amazon's mitigation defense. Defendant's focus on mitigation is a red herring, however, as Plaintiffs concede their income from subsequent employers is relevant, and have already provided discovery regarding all income they have earned since their employment with Amazon, including their tax returns and sworn interrogatory responses, and will continue to supplement such discovery. As such, there is no need for Defendant to subpoena this information from third parties. *See Paananen v. Cellco P'ship*, 2009 U.S. Dist. LEXIS 130215, *8 (W.D. Wash. July 15, 2009) ("Plaintiff has already informed Defendant of all the jobs he has held since his termination with Defendant, including the compensation information for each through his tax records. Therefore Defendant already possesses the information needed to determine the legitimacy of Plaintiff's front and back pay claims.").



BIBIYAN LAW GROUP, P.C.
Columbia Center
701 Fifth Ave., 42nd Floor
Seattle, WA 98104-5119
Telephone: (206) 225-2043

Defendant argues Plaintiffs' interrogatory responses and tax returns are insufficient because they do not "reflect the equity, bonuses, leaves, or benefits provided to Plaintiffs." Dkt. 197 at 7. However, this Court already held Plaintiffs' post-Amazon "tax returns provide comprehensive income information." Dkt. 86 at 4. And Defendant's own authorities support the comprehensiveness of tax records in lieu of subpoenas to subsequent employers. *See Abu*, 2009 U.S. Dist. LEXIS 12626, *5 ("other employers will not be required to provide plaintiff's payroll records because compensation information can be obtained through less intrusive means, like tax records."); *Cf. Walsh*, 2023 U.S. Dist. LEXIS 80187, *17 (plaintiff "refused to provide her tax records to verify her income … so records from her current employer … may be the only means to evaluate what Plaintiff has done to mitigate her damages.").[4]

Defendant also argues Plaintiffs' post-Amazon employment records are relevant to their emotional distress. This may be true if Plaintiffs had alleged the emotional distress caused by Amazon actions impacted their work with subsequent employers. *See Greenburg v. Red Robin Int'l, Inc.*, 2018 U.S. Dist. LEXIS 86734, *4 (W.D. Wash. May 23, 2018) (permitting discovery of "limited information" from two subsequent employers where plaintiff specifically alleged he "shortly ended both jobs because of mental health issues resulting from [defendant's] treatment and termination of" his employment, but denying "fishing expedition into [plaintiff's] private records"). But where, as here, plaintiffs have not alleged defendant's actions impacted their work or performance at subsequent employers, courts routinely quash such subpoenas. *See Specht v. Nw. Helicopters LLC*,

[4] Defendant has not issued any discovery requests seeking information about Plaintiffs' post-Amazon leaves or benefits, but it could simply propound additional discovery or ask Plaintiffs about it during depositions. Lenning Decl., ¶¶ 7-8. Defendant's insistence on instead obtaining this information directly from Plaintiffs' subsequent employers, absent any cause to question the Plaintiffs' truthfulness, is bordering on harassment. *See Bolding v. Banner Bank*, 2020 U.S. Dist. LEXIS 116817, *4 (W.D. Wash. July 2, 2020); *Scott v. MuliCare Health Sys.*, 2019 U.S. Dist. LEXIS 61787, *5 (W.D. Wash. Apr. 10, 2019).



BIBIYAN LAW GROUP, P.C.
Columbia Center
701 Fifth Ave., 42nd Floor
Seattle, WA 98104-5119
Telephone: (206) 225-2043

2022 U.S. Dist. LEXIS 208057, *6 (W.D. Wash. Nov. 16, 2022) ("[Given] Plaintiff's express statement that she is not seeking emotional damages stemming from impaired ability to work, Defendants have not made a 'specific showing' that the discovery sought is relevant to the case."). Defendant attempts to confuse the Court, arguing Plaintiffs' mental and physical health necessitated them taking FMLA leave or short-term disability, but critically this was *while Plaintiffs were employed at Amazon*, not during any subsequent employment. FAC, ¶ 177. Amazon has not identified any specific allegations indicating Plaintiffs' post-Amazon employment records are likely to contain information relevant to Plaintiffs' emotional distress. *See Erwin v. OBI Seafoods LLC*, 2023 U.S. Dist. LEXIS 119207, *6-7 (W.D. Wash. July 11, 2023) (defendant "submitted no evidence to suggest that the employment records sought are likely to produce any information probative of emotional distress…The mere possibility that employment records might contain such information is insufficient given the sensitive nature of such records.").

Defendant had not made the "specific showing" of relevance required to permit overbroad discovery into Plaintiffs' post-Amazon employment, performance, etc. *See Scott*, 2019 U.S. Dist. LEXIS 61787, at *4-5. Plaintiff's motion should be granted, the subpoenas to subsequent employers should be quashed, and a protective order should be entered.

**C. The Documents Defendant Seeks from the Consulting Firms Are Not Relevant and Contain Confidential and Proprietary Information.**

The Consulting Firms Plaintiffs Combs and Wilmuth founded after their Amazon employment ended have already provided responsive documents relating to their income and profits, including any compensation to Plaintiffs. Defendant still seeks *inter alia* documents demonstrating "the services offered" by Plaintiffs, "including but not limited to … correspondence or proposals to clients and potential clients describing consulting services offered." Dkt. 191 at pp. 5-40 (Lenning



BIBIYAN LAW GROUP, P.C.
Columbia Center
701 Fifth Ave., 42nd Floor
Seattle, WA 98104-5119
Telephone: (206) 225-2043

Decl. at Exhibit 1). Defendant argues these documents are relevant because Plaintiffs "made the firms' pursuit of business their mitigation story" and the financial documents provided do not fully demonstrate "the reasonableness of Plaintiffs' mitigation efforts." Dkt. 197 at 9. But this is not the only evidence of Plaintiffs' mitigation efforts: Plaintiffs have produced extensive documentation and sworn interrogatory responses detailing all efforts to obtain work since their Amazon employment ended, including job applications, resumes, cover letters, networking, engaging career coaches, etc., as well as all post-Amazon income. Lenning Decl., ¶ 9. Requiring the Consulting Firms to produce all proposals and correspondence with clients and *prospective clients* presents an undue burden and would necessitate the disclosure of confidential and proprietary information of third-party clients, which were provided to the Consulting Firms subject to Non-Disclosure Agreements. *See* Decl. of E. Combs, ¶¶ 8-11; Fed. R. Civ. P. 45(d)(3)(A). While Defendant argues the protective order in this matter (Dkt. 55) negates Plaintiffs' concerns about turning over their clients' confidential business and financial information, Plaintiffs fear that forcing them to violate their NDAs "would irreparably damage" their client relationships and "severely harm" the Consulting Firms' business. Combs. Decl., ¶¶ 12-13. Any minimal relevance these documents may have is not sufficient to outweigh the prejudice to Plaintiffs' client relationships that would result from disclosure. As such, Plaintiffs' Motion should be granted, the Consulting Firm subpoenas should be quashed to the extent they seek non-financial documents, and a protective order should be entered.

**Conclusion**

For the reasons discussed in Plaintiffs' Motion and herein, Plaintiffs Motion should be granted.

/ /

/ /



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Ave., 42nd Floor
Seattle, WA 98104-5119
Telephone: (206) 225-2043

DATED this 17th day of November, 2026. **BIBIYAN LAW GROUP, P.C.**

By: */s/Cassandra W. Lenning*

Cassandra Lenning, WSBA No. 54336
Scott J. Aldworth, WSBA No. 60949
Adarsh N. Parthasarathy, WSBA No. 62319
Alexis E. Hanson, WSBA No. 64041
**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104-5119
Telephone: (206) 225-2043
Fax: (206) 225-2067
*clenning@tomorrowlaw.com*
*saldworth@tomorrowlaw.com*
*aparthasarathy@tomorrowlaw.com*
*ahanson@tomorrowlaw.com*

*Attorneys for Plaintiff*

I certify this memorandum contains 2,085 words, in compliance with the Local Civil Rules.